ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) ) | Chapter 11 |
| NATURAL PRODUCTS GROUP, LLC, et al.,[1] | ) ) ) | Case No. 10-10239 (BLS) |
| | ) ) | Jointly Administered |
| Debtors. | ) ) | |

ORDER AUTHORIZING AND APPROVING THE
EMPLOYMENT AND RETENTION OF ALIXPARTNERS, LLP AS NOTICING,
CLAIMS AND BALLOTING AGENT IN THESE CHAPTER 11 CASES
NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order"), pursuant to 28 U.S.C. § 156(c) and Bankruptcy Rule 2002 and Local Rule 2002-1(f), authorizing and approving the employment and retention of AlixPartners, LLP ("AlixPartners") as Claims Agent in these Chapter 11 Cases pursuant to the terms of that certain engagement letter, dated as of November 18, 2009, attached to the Application as **Exhibit C** (the "Engagement Letter"); and upon consideration of the representations made in the Application and the Campbell Declaration attached to the Application as **Exhibit B**; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to

---

[1] The debtors and debtors in possession in these cases, along with the last four digits of their respective federal tax identification numbers, are Natural Products Group, LLC (9470); Arbonne Intermediate Holdco, Inc. (5363); Levlad Intermediate Holdco, Inc. (5367); Arbonne International, LLC (2250); Levlad, LLC (3496); Arbonne Institute of Research and Development, LLC (2250); Arbonne International Holdings, Inc. (5671); and Arbonne International Distribution, Inc. (5608).

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

1

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the parties listed therein; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the evidence and statements of counsel regarding the Application and to determine that the legal and factual bases set forth in the Application establish just cause for the relief requested in the Application (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that AlixPartners is eligible for retention as Claims Agent under the Bankruptcy Code, the Bankruptcy Rules and Local Rule 2002-1(f) and that such retention and other relief sought in the Application is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and it appearing to the Court that good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and after due deliberation and sufficient cause appearing therefor:

IT IS ORDERED that, except to the extent modified herein, the Application and the Engagement Letter are approved and the Debtors are authorized to employ and retain AlixPartners as Claims Agent, rendering services through its professionals as well as its electronic, internet and computer-based methods and systems, in accordance with the terms and conditions set forth therein; and it is further

ORDERED that, in connection with any matters adverse to the Debtors' interests in these Chapter 11 Cases, AlixPartners will not represent any entities or individuals (other than the Debtors) in such matters; and it is further

ORDERED that the indemnification provisions in the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these cases:

    a.    AlixPartners shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefor are approved by the Bankruptcy Court;

    b.    The Debtors shall have no obligation to indemnify AlixPartners, or provide contribution or reimbursement to AlixPartners, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from AlixPartners' gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of AlixPartners' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which AlixPartners should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c.    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, AlixPartners believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, AlixPartners must file an application therefor in this Court, and the Debtors may not pay any such amounts to AlixPartners before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by AlixPartners for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify AlixPartners. All parties in interest shall retain the right to object to any demand by AlixPartners for indemnification, contribution or reimbursement;

and it is further

ORDERED that the Engagement Letter is revised to eliminate the "Limit of Liability" provision, appearing as the penultimate paragraph of the General Terms and Conditions; and it is further

3

ORDERED that the Debtors are authorized to pay AlixPartners' fees and expenses upon the submission by AlixPartners of monthly invoices to the Debtors describing, in reasonable detail, the services for which compensation is sought, in accordance with the Engagement Letter attached to the Application; provided, however, that the U.S. Trustee and any official committee appointed in this case, if any (collectively, the "Notice Parties"), shall be provided copies of all of AlixPartners' invoices and shall have a period of ten (10) days to object to the amount of such invoice prior to the Debtors' payment of such amounts or such shorter time as agreed to by the Notice Parties; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application; and it is further

ORDERED that, if these Chapter 11 Cases convert to cases under chapter 7 of the Bankruptcy Code, unless otherwise ordered by the Court, AlixPartners' retention hereunder shall terminate upon such conversion and it shall return to the Clerk's Office all proofs of claim received by it and the official claims registry; and it is further

ORDERED that any dispute with respect to the fees and expenses by AlixPartners shall be brought before this Court for a final determination; and it is further

ORDERED that, notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, and 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, nunc pro tunc to the Petition Date; and it is further

ORDERED that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

ORDERED that the Court shall retain jurisdiction over all matters arising from or related to the interpretation or enforcement of this Order.

DATED: Jan. 28, 2010
Wilmington, Delaware

By: _____,
United States Bankruptcy Judge