# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re** | ) | **Chapter 11 Case No.** |
|  | ) |  |
| **Natural Products Group, LLC, et al.,** [1] | ) | **10-10239** |
| **Debtors.** | ) | **(Jointly Administered)** |
|  | ) |  |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

## Arbonne Intermediate Holdco, Inc.

## Case No: 10-10239

---

1    The debtors and debtors in possession in these cases, along with the last four digits of their respective federal tax identification numbers, are Natural Products Group, LLC (9470); Arbonne Intermediate Holdco, Inc. (5363); Levlad Intermediate Holdco, Inc. (5367); Arbonne International, LLC (2250); Levlad, LLC (3496); Arbonne Institute of Research and Development, LLC (2250); Arbonne International Holdings, Inc. (5671); and Arbonne International Distribution, Inc. (5608).

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: <u>Arbonne Intermediate Holdco, Inc.</u>

Case No. _____10-10239_____

Chapter _____11_____

## SUBJECT TO GLOBAL NOTES AND SPECIFIC NOTES TO THESE SCHEDULES

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, C, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED YES / NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - REAL PROPERTY | YES | 1 | $0 | | |
| B - PERSONAL PROPERTY | YES | 6 | $0 | | |
| C - PROPERTY CLAIMED AS EXEMPT | NO | 0 | | | |
| D - CREDITORS HOLDING SECURED CLAIMS | YES | 3 | | $530,459,066 | |
| E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS (Total of claims on Schedule E) | YES | 5 | | $0 | |
| F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | YES | 3 | | $215,648,335 | |
| G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES | YES | 6 | | | |
| H - CODEBTORS | YES | 2 | | | |
| I -CURRENT INCOME OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) | NO | 0 | | | N/A |
| Total number of sheets of all Schedules | | 26 | | | |
| Total Assets > | | | $0 | | |
| Total Liabilities > | | | | $746,107,401 | |

1

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### General

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Natural Products Group, LLC ("NPG") and its affiliated debtors in these jointly administered chapter 11 cases (collectively, the "Debtors") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared, pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' court-appointed advisors, and are unaudited. While the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and Statements have been signed by Mark I. Lehman, Chief Financial Officer of NPG. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Lehman necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Lehman has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

### Description of the Cases

On January 27, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code in the Bankruptcy Court. The chapter 11 cases have been consolidated for the purpose of joint administration under Case No. 10-10239. The Debtors in the cases, along with the last four digits of their respective federal tax identification numbers, are Natural Products Group, LLC (9470); Arbonne Intermediate Holdco, Inc. (5363); Levlad Intermediate Holdco, Inc. (5367); Arbonne International, LLC (2250); Levlad, LLC (3496); Arbonne Institute of Research and Development, LLC (2250); Arbonne International Holdings, Inc. (5671); and Arbonne International Distribution, Inc. (5608). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Basis of Presentation

For financial reporting purposes, prior to the Petition Date, the Debtors, along with certain non-Debtor affiliates and their non-Debtor subsidiaries, prepared consolidated financial statements that were audited annually. Because not all of the direct and indirect subsidiaries of NPG are Debtors in these chapter 11 cases, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information regarding NPG and its subsidiaries that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

### Amendment

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

### Confidential or Sensitive Information

There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party and will provide interested parties with sufficient information to discern the nature of the listing.

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Causes of Action

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

### Recharacterization

The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

### Claim Designation

Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated, or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated, or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

### Unliquidated Claim Amounts

Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

### Bankruptcy Court Orders

Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, Arbonne independent consultants, taxing authorities, vendors, and certain other prepetition creditors. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements.

### Value of Assets

It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items that are designated as "unliquidated" or identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

### Dates

The information provided herein, except as otherwise noted, represents the asset data of the Debtors as of November 30, 2009 and the liability data of the Debtors as of the close of business on the Petition Date.

### Specific Notes

These General Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

### Liabilities

The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Excluded Assets and Liabilities

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including goodwill, pension assets, deferred compensation, accrued salaries, employee benefit accruals, accrued accounts payable, and deferred gains. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded. Pursuant to certain Bankruptcy Court orders, the Debtors have been granted authority to pay certain prepetition obligations to, among others, employees and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore may not be listed in the Schedules and Statements.

### Leases

The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.

### Contingent Assets

The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, and (vi) warranties. Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages. Refer to each Statement, item 4(a)(i), for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

### Receivables and Payables

For confidentiality reasons the Debtors have not listed individual customer accounts receivable balance information.

### Guaranties and Other Secondary Liability Claims

The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule G for the Debtor or Debtors affected by such Guaranties. The Debtors, however, believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guaranties are identified.

### Intellectual Property Rights

Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

### Estimates

To prepare and file the Schedules shortly after the Petition Date, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

### Fiscal Year

Each Debtor's fiscal year ends on December 31.

### Currency

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Property and Equipment

Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

### Claims of Third-Party Related Entities

While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.

### Interest in Subsidiaries and Affiliates

NPG directly or indirectly owns all of the subsidiaries that are also Debtors. In addition, NPG indirectly owns all of the subsidiaries that are not Debtors. Interests in subsidiaries arise from ownership of stock and membership or other interests in incorporated and unincorporated entities. Each Debtor's Schedule B13 or Statement 18a contains a listing of the current corporate structure of NPG and its Debtor and non-Debtor subsidiaries.

### Umbrella Or Master Agreements

Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

### Insiders

The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider." For these purposes, "insider" is defined as (1) an individual or entity owning 5% or greater of NPG, (2) an individual appointed by the Members of the Management Committee of NPG, or (3) an entity related to an insider. The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved, nor does such listing intend to modify the meaning of "insider" as that term is defined in Bankruptcy Code section 101.

### Payments

The financial affairs and businesses of the Debtors are complex. Prior to the Petition Date, the Debtors participated in a consolidated cash management system through which certain payments were made by one entity on behalf of another. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system.

### Totals

All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.

In re: **Arbonne Intermediate Holdco, Inc.**           Case No.      **10-10239**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

### SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

☑ Check this box if debtor has no real property to report on this Schedule A.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|
| | | | |

**In re:** <u>Arbonne Intermediate Holdco, Inc.</u>        **Case Number:** <u>10-10239</u>

Debtor                                (if known)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.  Cash on hand. | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamps, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies. Name insurance company of policy and itemize surrender or refund value of each. | X | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | |

**In re:** <u>Arbonne Intermediate Holdco, Inc.</u>     **Case Number:** <u>10-10239</u>

      Debtor               (if known)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. | X | | |
| 13. Stock and interests in incorporated and unincorporated business. Itemize. | | See Attached Schedule Exhibit B-13 | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16. Accounts receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None". If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

### SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only on Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property".
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | NET BOOK VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26.  Boats, motors, and accessories. | X | | |
| 27.  Aircraft and accessories. | X | | |
| 28.  Office equipment, furnishings, and supplies. | X | | |
| 29.  Machinery, fixtures, equipments, and supplies used in business. | X | | |
| 30.  Inventory | X | | |
| 31.  Animals | X | | |
| 32. Crops - growing or harvested. Give particulars | X | | |
| 33.  Farming equipment and implements. | X | | |
| 34.  Farm supplies, chemicals, and feed. | X | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number:  10-10239**

## SPECIFIC NOTES REGARDING SCHEDULE B

**Schedule B-23 Licences, Franchises, etc.**

Schedule G also may list licensing agreements, which either may be in addition to, or duplicative of, the licenses set forth in this Schedule B-23.  The inclusion of any license agreement in both Schedules B and G should not be deemed to be an indication or admission of the existence of multiple agreements.  Similarly, the exclusion of any license agreement from either Schedule B or Schedule G should not be deemed determinative of whether the license is an executory contract or simply a grant of property rights.  The Debtors expressly reserve the right to recharacterize these agreements, as appropriate, upon further review.  The information provided in response to Item B-23 (if any) does not include the Debtor's general business licenses.

**Schedule B-28 – Office Equipment**

Certain of the Debtor's office equipment, furnishings, and supplies are not capitalized in some situations.  These assets are not listed herein.

**Schedule B-29 – Business Equipment**

Certain of the Debtor's machinery, fixtures, equipment, and supplies used in business are not capitalized in some situations.  These assets are not listed herein.

# Natural Products Group, LLC, _et al._

## Exhibit B-13
## Organizational Structure

| Company Name | Federal EIN | Address | CSZ | Owner % | Owner | Nature Of Business |
|---|---|---|---|---|---|---|
| Natural Products Group, LLC | 86-1119470 | 9400 Jeronimo Road | Irvine, CA  92618 | | Parent Company | Parent Company |
| Arbonne Intermediate Holdco, Inc. | 87-0735363 | 9400 Jeronimo Road | Irvine, CA  92618 | 100% | Natural Products Group, LLC | Holding Company |
| Arbonne International, LLC | 33-0762250 | 9400 Jeronimo Road | Irvine, CA  92618 | 100% | Arbonne Intermediate Holdco, Inc. | Primary Operating Entity |
| Arbonne Institute of Research and Development, LLC | 33-0762250 | 9400 Jeronimo Road | Irvine, CA  92618 | 100% | Arbonne International, LLC | Research And Development |
| Arbonne International Holdings, Inc. | 20-5585671 | 9400 Jeronimo Road | Irvine, CA  92618 | 100% | Arbonne International, LLC | Holding Company For International Subsidiaries |
| Arbonne International Canada, Inc. | Foreign Entity | Robson Court; 1000-840 Howe Street | Vancouver, BC  V6Z2M1 | 100% | Arbonne International Holdings, Inc. | Operations/Service support in Canada |
| Arbonne Global Holdings, Inc. | Foreign Entity | c/o M&C Corporate Services Limited; P.O. Box 309GT; Ugland House, South Church Street | George Town, Grand Cayman | 100% | Arbonne International Holdings, Inc. | International Intellectual Property |
| Arbonne UK Limited | Foreign Entity | 4 More London Riverside | London, UK  SE1 2AU | 100% | Arbonne International Holdings, Inc. | Administrative/Customer Service in UK |
| Arbonne Europe Sarl | Foreign Entity | c/o Schellenberg Witmer; Lowenstrasse 19; Postfach 6333 | Zuirch, Switzerland  8023 | 100% | Arbonne International Holdings, Inc. | International Distribution Company Outside North America |
| Arbonne Australia Pty Ltd. | Foreign Entity | Level 1, Building C, Rhodes Corporate Park; 1 Homebush Bay Drive | Rhodes, Australia  NSW 2138 | 100% | Arbonne International Holdings, Inc. | Operations/Service Support in Australia |
| Arbonne Germany GmbH  (Inactive) | Foreign Entity | c/o Graf von Westphalen; Widenmayerstr. 15 | Munchen, Germany  80538 | 100% | Arbonne International Holdings, Inc. | Operations/Service Support in Germany |
| Arbonne International Distribution, Inc. | 20-5585608 | 9400 Jeronimo Road | Irvine, CA  92618 | 100% | Arbonne International Holdings, Inc. | Contracts With Consultants/Exports To North America Outside U.S. |
| Arbonne International Canada Distributors, Ltd. | Foreign Entity | Robson Court; 1000-840 Howe Street | Vancouver, BC  V6Z2M1 | 100% | Arbonne International, LLC | Inactive Entity |
| Levlad Intermediate Holdco, Inc. | 87-0735367 | 9400 Jeronimo Road | Irvine, CA  92618 | 100% | Natural Products Group, LLC | Holding Company |
| Levlad, LLC | 95-2973496 | 9200 Mason Avenue | Chatsworth, CA 91311 | 100% | Levlad Intermediate Holdco, Inc. | Primary Manufacturing Company |

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust and other security interests.  List creditors in alphabetical order to the extent practicable.  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than on of these three columns.)  Report the total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C U D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY | NOTES |
|---|---|---|---|---|---|---|
| See Exhibit D-1 immediately following Schedule D | See Attachment to D | Secured Debt | ☑☐☐☐ | $530,459,066 | Undetermined | |
| | | | ☐☐☐ | | | |
| | | | ☐☐☐ | | | |
| | | | ☐☐☐ | | | |
| | | | ☐☐☐ | | | |
| | | | ☐☐☐ | | | |

<u>2</u>    continuation sheets attached       **Total**    **$530,459,066**    **Undetermined**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number:  10-10239**

## SPECIFIC NOTES REGARDING SCHEDULE D

**Creditors Holding Secured Claims**

Except as otherwise agreed pursuant to a stipulation or an order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or  challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights (except as otherwise agreed pursuant to a stipulation or an order entered by the Bankruptcy Court) to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  If a Debtor is a guarantor with respect to a scheduled claim of another Debtor, the claim will be labeled "Contingent."  The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.  No attempt has been made to identify such agreements for purposes of Schedule D.  However, the Debtors reserve all of their rights to amend Schedule D in the future to the extent the
Debtors determine that any claims associated with such agreements are property reported on Schedule D.  The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed in Schedule G, including the right to dispute or challenge the characterization of the structure of any such transaction, document, or instrument related to a creditor's claim, including to argue that an agreement listed in Schedule G may be treated as a secured financing agreement, rather than an executory contract or unexpired lease.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Some of the Debtors' creditors may have filed mechanic or materialman liens following the commencement of the Debtors' chapter 11 cases.  Some liens may, by virtue of section 546(b) of the Bankruptcy Code and applicable law, relate back to the period prior to the Petition Date.  Any such liens that have been filed after the petition date are not listed on Schedule D.

To the extent that any landlords, real property and personal property lessors, utility companies, or other creditors hold a security deposit from any of the Debtors and to the extent that such deposits constitute secured claims, such deposits are not listed on Schedule D, except as specifically stated herein.

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

**Exhibit:  D-1**

**Secured Debt**

| Name | Address | City, State & Zip | Description | C | U | D | Claim Amount |
|---|---|---|---|---|---|---|---|
| Canadian Imperial Bank of Commerce | C/O CHARLES MULKEEN 425 LEXINGTON AVENUE | NEW YORK, NY 10017 | Senior Secured Lender | ☑ | ☐ | ☐ | $530,459,066 |
| | | | | | | | $530,459,066 |

Arbonne International, LLC and Levlad, LLC are primary co-obligors to this liability.  Arbonne Intermediate Holdco, Inc., Levlad Intermediate Holdco, Inc. , Arbonne International, LLC , Levlad, LLC , Arbonne Institute of Research and Development, LLC , Arbonne International Holdings, Inc. and Arbonne International Distribution, Inc. are guarantors to the liability above.

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, or wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)**

☐ Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. Section 507(a)(3).

☐ Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(4).

☐ Contribution to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Section 507(a)(5).

☐ Certain farmers and fisherman

Claims of certain farmers and fisherman, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Section 507(a)(6).

☐ Deposits by individuals

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. Section 507(a)(7).

☐ Alimony, Maintenance, or Support

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Section 507(a)(7).

☑ Taxes and Certain Other Debts Owed to Government Units

Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Section 507(a)(8).

☐ Commitments to Maintain the capital of an Insured Depository Institution

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. Section 507(a)(9).

☐ Administrative Expense Claims

Claims for the value of any goods received by the debtor within 20 days before the Petition Date in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

4  continuation sheets attached

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number:  10-10239**

## SPECIFIC NOTES REGARDING SCHEDULE E

**Creditors Holding Unsecured Priority Claims**

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and/or the priority status of any claim on any basis at any time.

As noted in the Global Notes, the Bankruptcy Court entered a first day order granting authority to the Debtors to pay certain prepetition employee wage and other obligations in the ordinary course (the "Employee Wage Order").  Pursuant to the Employee Wage Order, the Debtors believe that, other than claims of certain former and current employees for vacation, personal and/or severance pay, any priority employee claims for prepetition amounts have been or will be satisfied, and such satisfied amounts are therefore not listed on Schedule E.  Only non priority employee claims against the Debtors for prepetition amounts that have not been paid as of the time that the Schedules and Statements were prepared were included; such amounts (if any) are listed on Schedule F.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|
| See Exhibit E-1 immediately following Schedule E | | Franchise/Business License Tax Authorities | ☑ | ☑ | ☐ | Undetermined | Undetermined |
| See Exhibit E-2 immediately following Exhibit E-1 | | Federal/State Income Tax Authorities | ☑ | ☑ | ☐ | Undetermined | Undetermined |
| | | | ☐ | ☐ | ☐ | | |
| | | | ☐ | ☐ | ☐ | | |
| | | | ☐ | ☐ | ☐ | Undetermined | Undetermined |
| | | | | | **Total** | **Undetermined** | **Undetermined** |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

**Exhibit E-1**

**Franchise/Business License Tax Authorities**

| **Name** | **Address** | **City, State & Zip** | **C** | **U** | **D** | **Total Claim Amount** |
|---|---|---|---|---|---|---|
| ARIZONA DEPARTMENT OF REVENUE | PO BOX 29079 | PHOENIX, AZ 85038-9079 | ☑ | ☑ | ☐ | Undetermined |
| COMPTROLLER OF PUBLIC ACCOUNTS | 111 E 17TH STREET | AUSTIN, TX 78774-0100 | ☑ | ☑ | ☐ | Undetermined |
| FRANCHISE TAX BOARD | PO BOX 942857 | SACRAMENTO, CA 94257-0502 | ☑ | ☑ | ☐ | Undetermined |
| GEORGIA DEPARTMENT OF REVENUE | PROCESSING CENTER P. O. BOX 740397 | ATLANTA, GA 30374-0397 | ☑ | ☑ | ☐ | Undetermined |
| INDIANA DEPARTMENT OF REVENUE | RETURNS PROCESSING CENTER 100 N. SENATE AVENUE | INDIANAPOLIS, IN 46204-2253 | ☑ | ☑ | ☐ | Undetermined |
| LOUISIANA DEPT. OF REVENUE | PO BOX 91011 | BATON ROUGE, LA 70821-9011 | ☑ | ☑ | ☐ | Undetermined |
| MASSACHUSETTS DEPT. OF REVENUE | PO BOX 7025 | BOSTON, MA 02204 | ☑ | ☑ | ☐ | Undetermined |
| MICHIGAN DEPARTMENT OF TREASURY | P.O. BOX 30783 | DETROIT, MI 48909 | ☑ | ☑ | ☐ | Undetermined |
| MINNESOTA REVENUE | MAIL STATION 1765 | ST. PAUL, MN 55145-1765 | ☑ | ☑ | ☐ | Undetermined |
| MISSOURI DEPARTMENT OF REVENUE | PO BOX 700 | JEFFERSON CITY, MO 65105-0700 | ☑ | ☑ | ☐ | Undetermined |
| NORTH CAROLINA DEPT OF REVENUE | PO BOX 25000 | RALEIGH, NC 27640-0500 | ☑ | ☑ | ☐ | Undetermined |
| OFFICE OF REVENUE | PO BOX 1033 | JACKSON, MS 39215-1033 | ☑ | ☑ | ☐ | Undetermined |
| OKLAHOMA TAX COMMISSION | INCOME TAX PO BOX 26930 | OKLAHOMA CITY, OK 73126-0930 | ☑ | ☑ | ☐ | Undetermined |
| PA DEPARTMENT OF REVENUE | PO BOX 280427 | HARRISBURG, PA 17128-0427 | ☑ | ☑ | ☐ | Undetermined |
| SOUTH CAROLINA DEPT OF REVENUE | | COLUMBIA, SC 29214-0100 | ☑ | ☑ | ☐ | Undetermined |
| STATE OF NEW JERSEY | CORPORATION TAX PO BOX 666 | TRENTON, NJ 08646-0666 | ☑ | ☑ | ☐ | Undetermined |
| TENNESSEE DEPT OF REVENUE | ANDREW JACKSON STATE OFFICE BLDG 500 DEADERICK STREET | NASHVILLE, TN 37242 | ☑ | ☑ | ☐ | Undetermined |
| TREASURER OF STATE OF OHIO | OHIO DEPARTMENT OF TAXATION P O BOX 27 | COLUMBUS, OH 43216-0027 | ☑ | ☑ | ☐ | Undetermined |

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

**Exhibit E-2**
**Federal/State Income Tax Authorities**

| Name | Address | City, State, Zip: | C | U | D | Description | Total Claim Amount |
|------|---------|-------------------|---|---|---|-------------|--------------------|
| DEPARTMENT OF TREASURY | INTERNAL REVENUE SERVICES | Ogden, UT 84201 | ☑ | ☑ | ☐ | | Undetermined |
| | | | | | | | **Undetermined** |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the filing of the petition. Do not include claims listed in Schedule D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on the schedules in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C | U | D | TOTAL AMOUNT OF CLAIMS |
|---|---|---|---|---|---|---|
| See Exhibit F-1 immediately following Schedule F | | Notes/Debt | ☑ | ☐ | ☐ | $215,648,335 |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |
| | | | ☐ | ☐ | ☐ | |

<u>2</u>  total continuation sheets attached

**Total**  **$215,648,335**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number:  10-10239**

## SPECIFIC NOTES REGARDING SCHEDULE F

### Creditors Holding Unsecured Nonpriority Claims

The Debtors have used reasonable best efforts to list all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records.

Schedule F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule F does not include certain reserves for potential unliquidated contingencies that historically were carried on the Debtors' books as of the Petition Date; such reserves were for potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although commercially reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule F contains information regarding potential and pending litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined.  To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.  In addition, Schedule F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtor has not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F.  Such guaranties are, instead, listed on Schedule G.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors.  The Debtors reserve all of their rights in respect of such credits or allowances.  The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

Unless the Debtor were required to pay ancillary costs, such as freight, miscellaneous fees and taxes, such costs are not included in the liabilities scheduled, as such amounts do not represent actual liabilities of the Debtor.

Any unapplied wires or unmatched receivables will reduce these amounts once they are applied.

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

**Exhibit F-1**

**Notes/Debt**

| Creditor Name | Address | City, State & Zip | C | U | D | Total Claim |
|---|---|---|---|---|---|---|
| WILMINGTON TRUST FSB | BORIS TREYGER CORPORATE CLIENT SERVICE, GLOBAL FINANCE DIVISION 166 MERCER STREET, SUITE 2R | NEW YORK, NY 10012 | ☑ | ☐ | ☐ | $215,648,335 |

$215,648,335

Levlad Intermediate HoldCo, Inc. is co-obligor to this liability.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.d., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts and/or unexpired leases to report on this Schedule G.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| FINANCE AGREEMENT | See Exhibit G-1 immediately following Schedule G |
| SERVICE AGREEMENT | See Exhibit G-2 immediately following Exhibit G-1 |
| OTHER | See Exhibit G-3 immediately following Exhibit G-2 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

<u>5</u>    total continuation sheets attached

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

## SPECIFIC NOTES REGARDING SCHEDULE G

### Executory Contracts

The Debtors' business is complex. While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or overinclusion may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times in Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such delivered goods are included on Schedule F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the Debtors' executory contracts are purchase and sale agreements. In those instances, the executory contracts generally are listed in either the "sale agreements" or "purchase agreements" category, not both.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents also are not set forth in Schedule G.

Debtors Arbonne International, LLC and Arbonne International Distribution, Inc. are party to executory contracts with independent consultants that market and sell Arbonne products to consumers (the "AIC Contracts"). Such Debtors derive substantially all of their revenue through their AIC Contracts. Due to the commercially sensitive and proprietary nature of the Debtors' list of AIC Contracts, such AIC Contracts are not listed on Schedule G. Pursuant to the Joint Chapter 11 Plan of Reorganization of Natural Products Group and Its Affiliated Debtors, dated January 27, 2010, however, the aforementioned Debtors will be assuming all of the AIC Contracts.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month to month basis. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements are not listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

In the ordinary course of business, the Debtors may have entered into confidentiality agreements which, to the extent that such confidentiality agreements constitute executory contracts, may not listed individually on Schedule G.

**Arbonne Intermediate Holdco, Inc.**

**Case Number:  10-10239**

## SPECIFIC NOTES REGARDING SCHEDULE G

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors.  In those instances, the entity listed as the party to the executory contract or unexpired lease is the former party to same.

Due to the volume of the Debtors' executory contracts and unexpired leases, certain of the executory contracts and unexpired leases may be listed under the wrong Debtor and/or in the wrong agreement category.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid.  The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors.  Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers.  In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as appropriate.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule F. Such guaranties are, instead, listed on Schedule G.

In addition, Schedule G does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Due to the volume of the Debtors' executory contracts and unexpired leases, the Debtors are still in the process of collecting the addresses of all counterparties to such executory contracts and unexpired leases.  These addresses will be compiled prior to sending notice of the bar date for the filing of proofs of claim in these chapter 11 cases.

**Arbonne Intermediate Holdco, Inc.**
**Case Number: 10-10239**
**Exhibit    G-1**
**FINANCE AGREEMENT**

| Contract ID | Name | Address | City, State & Zip |
|---|---|---|---|
| 1008 | CANADIAN IMPERIAL BANK OF COMMERCE (CIBC) | 301 MADISON AVENUE | NEW YORK, NY  10017 |
| 1017 | GENERAL ELECTRIC CAPITAL CORPORATION | 201 MERRITT 7 | NORWALK, CT  6856 |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**
**Case Number: 10-10239**
**Exhibit    G-2**
**SERVICE AGREEMENT**

| Contract ID | Name | Address | City, State & Zip |
|---|---|---|---|
| 1688 | ALIXPARTNERS LLP | 2101 CEDAR SPRINGS, SUITE 1100 | DALLAS, TX  75201 |
| 1738 | MURRAY DEVINE AND COMPANY | 1650 ARCH STREET, SUITE 2700 | PHILADELPHIA, PA  19103 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**
**Case Number: 10-10239**
**Exhibi  G-3**
**OTHER**

| Contract ID | Name | Address | City, State & Zip |
|---|---|---|---|
| 1036 | KEKST AND COMPANY, INCORPORATED | 437 MADISON AVENUE | NEW YORK, NY |

# UNITED STATES BANKRUPTCY COURT

### SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than in a joint case, that is also liable on any debts listed by debtor in the schedule of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is in community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtor

| NAME AND ADDRESS OF CODEBTOR | NOTES |
| --- | --- |
| ARBONNE INSTITUTE OF RESEARCH AND DEVELOPMENT, LLC<br>9400 JERONIMO ROAD<br>IRVINE, CA  92618 | GUARANTOR |
| ARBONNE INTERNATIONAL DISTRIBUTION, INC.<br>9400 JERONIMO ROAD<br>IRVINE, CA  92618 | GUARANTOR |
| ARBONNE INTERNATIONAL HOLDINGS, INC.<br>9400 JERONIMO ROAD<br>IRVINE, CA  92618 | GUARANTOR |
| ARBONNE INTERNATIONAL, LLC<br>9400 JERONIMO ROAD<br>IRVINE, CA  92618 | GUARANTOR |
| LEVLAD INTERMEDIATE HOLDCO, INC.<br>9400 JERONIMO ROAD<br>IRVINE, CA  92618 | OBLIGOR |
| LEVLAD, LLC<br>9200 MASON AVE<br>CHATSWORTH, CA  91311 | GUARANTOR |

**Arbonne Intermediate Holdco, Inc.**

**Case Number:  10-10239**

---

### SPECIFIC NOTES REGARDING SCHEDULE H

#### Co-Debtors

In the ordinary course of their business, the Debtors pay certain expenses on behalf of their subsidiaries.  In addition, in the ordinary course of their business, certain of the Debtors have guaranteed certain obligations and liabilities.  However, the transactions and guarantees between the Debtors and their subsidiaries are too voluminous to list separately but, in some instances, are reflected elsewhere in the Schedules and Statements.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Due to the volume of such claims and because all such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H.  However, some such claims may be listed elsewhere in the Schedules and Statements.

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets, and that they are true and orrect to the best of my knowledge, information and belief.

Date: _____     Signature: _____

Debtor

Date: _____     Signature: _____

Joint Debtor, if any

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____

Printed or Typed Name and title, if any,      Social Security No.
of Bankruptcy Petition Preparer                   (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____

Address

X_____        _____

Signature of Bankruptcy Petition Preparer        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Treasurer, Secretary of Arbonne Intermediate Holdco, Inc. named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: 02/12/2010 _____     Signature: _____

**MARK I. LEHMAN**

[Print or type name of individual signing on behalf of debtor.]

*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | ) | **Chapter 11 Case No.** |
| | ) | |
| **Natural Products Group, LLC, <u>et al.</u>,** [1] | ) | **10-10239** |
| | ) | |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

# STATEMENT OF FINANCIAL AFFAIRS FOR

## Arbonne Intermediate Holdco, Inc.

## Case No: 10-10239

1    The debtors and debtors in possession in these cases, along with the last four digits of their respective federal tax identification numbers, are Natural Products Group, LLC (9470); Arbonne Intermediate Holdco, Inc. (5363); Levlad Intermediate Holdco, Inc. (5367); Arbonne International, LLC (2250); Levlad, LLC (3496); Arbonne Institute of Research and Development, LLC (2250); Arbonne International Holdings, Inc. (5671); and Arbonne International Distribution, Inc. (5608).

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### General

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by Natural Products Group, LLC ("NPG") and its affiliated debtors in these jointly administered chapter 11 cases (collectively, the "Debtors") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared, pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure, by management of the Debtors, with the assistance of the Debtors' court-appointed advisors, and are unaudited. While the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available to it at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and Statements have been signed by Mark I. Lehman, Chief Financial Officer of NPG. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Lehman necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Lehman has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

### Description of the Cases

On January 27, 2010 (the "Petition Date"), the Debtors filed voluntary petitions for relief under the Bankruptcy Code in the Bankruptcy Court. The chapter 11 cases have been consolidated for the purpose of joint administration under Case No. 10-10239. The Debtors in the cases, along with the last four digits of their respective federal tax identification numbers, are Natural Products Group, LLC (9470); Arbonne Intermediate Holdco, Inc. (5363); Levlad Intermediate Holdco, Inc. (5367); Arbonne International, LLC (2250); Levlad, LLC (3496); Arbonne Institute of Research and Development, LLC (2250); Arbonne International Holdings, Inc. (5671); and Arbonne International Distribution, Inc. (5608). The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### Basis of Presentation

For financial reporting purposes, prior to the Petition Date, the Debtors, along with certain non-Debtor affiliates and their non-Debtor subsidiaries, prepared consolidated financial statements that were audited annually. Because not all of the direct and indirect subsidiaries of NPG are Debtors in these chapter 11 cases, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information regarding NPG and its subsidiaries that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

### Amendment

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

### Confidential or Sensitive Information

There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or third party and will provide interested parties with sufficient information to discern the nature of the listing.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**

**Case Number: 10-10239**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Causes of Action

Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

### Recharacterization

The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate as additional information becomes available.

### Claim Designation

Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated, or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated, or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

### Unliquidated Claim Amounts

Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

### Bankruptcy Court Orders

Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases, the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, Arbonne independent consultants, taxing authorities, vendors, and certain other prepetition creditors. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements.

### Value of Assets

It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Petition Date are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets. Operating cash is presented at bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items that are designated as "unliquidated" or identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

### Dates

The information provided herein, except as otherwise noted, represents the asset data of the Debtors as of November 30, 2009 and the liability data of the Debtors as of the close of business on the Petition Date.

### Specific Notes

These General Notes are in addition to the specific notes set forth in the Schedules and Statements of the individual Debtor entities. The fact that the Debtors have prepared a Global Note with respect to a particular Schedule or Statement and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any or all of the Debtors' remaining Schedules or Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

### Liabilities

The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

**Arbonne Intermediate Holdco, Inc.**
**Case Number: 10-10239**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Excluded Assets and Liabilities

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including goodwill, pension assets, deferred compensation, accrued salaries, employee benefit accruals, accrued accounts payable, and deferred gains. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded. Pursuant to certain Bankruptcy Court orders, the Debtors have been granted authority to pay certain prepetition obligations to, among others, employees and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore may not be listed in the Schedules and Statements.

### Leases

The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.

### Contingent Assets

The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, and (vi) warranties. Additionally, prior to the relevant Petition Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages. Refer to each Statement, item 4(a)(i), for lawsuits commenced prior to the relevant Petition Date in which the Debtor was a plaintiff.

### Receivables and Payables

For confidentiality reasons the Debtors have not listed individual customer accounts receivable balance information.

### Guaranties and Other Secondary Liability Claims

The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule G for the Debtor or Debtors affected by such Guaranties. The Debtors, however, believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules to the extent that additional Guaranties are identified.

### Intellectual Property Rights

Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

### Estimates

To prepare and file the Schedules shortly after the Petition Date, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.

### Fiscal Year

Each Debtor's fiscal year ends on December 31.

### Currency

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Arbonne Intermediate Holdco, Inc.**

**Case Number:  10-10239**

---

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTOR'S SCHEDULES AND STATEMENTS

### Property and Equipment

Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

### Claims of Third-Party Related Entities

While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to same.

### Interest in Subsidiaries and Affiliates

NPG directly or indirectly owns all of the subsidiaries that are also Debtors.  In addition, NPG indirectly owns all of the subsidiaries that are not Debtors.  Interests in subsidiaries arise from ownership of stock and membership or other interests in incorporated and unincorporated entities.  Each Debtor's Schedule B13 or Statement 18a contains a listing of the current corporate structure of NPG and its Debtor and non-Debtor subsidiaries.

### Umbrella Or Master Agreements

Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

### Insiders

The Debtors have attempted to include all payments made over the 12 months preceding the Petition Date to any individual or entity deemed an "insider."  For these purposes, "insider" is defined as (1) an individual or entity owning 5% or greater of NPG, (2) an individual appointed by the Members of the Management Committee of NPG, or (3) an entity related to an insider.  The listing of a party as an "insider," however, is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved, nor does such listing intend to modify the meaning of "insider" as that term is defined in Bankruptcy Code section 101.

### Payments

The financial affairs and businesses of the Debtors are complex.  Prior to the Petition Date, the Debtors participated in a consolidated cash management system through which certain payments were made by one entity on behalf of another.  As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system.

### Totals

All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.

# STATEMENT OF FINANCIAL AFFAIRS

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | | Chapter 11 |
|---|---|---|---|
| **In re:** | **Arbonne Intermediate Holdco, Inc.** | **Case Number:** | **10-10239** |
| | Debtor. | | |

This statement is to be completed by every debtor. Spouses filing a joint petition may file a statement on which the informaiton for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, mangaging executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None ☑

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

## 2.  Income other than from employment or operation of business

None

☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the  **two year** immediately preceding the commencement of this case.  Give particular If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed).

**For the past 3 years, there has been no Other Revenue generated from the disposition of assets or sale of non-ordinary assets.**

## 3.  Payments to Creditors

*Complete a. or b., as appropriate, and c.*

None

☑

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within  **90 days**  immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☑

*b.Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within  **90 days**  immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☐

*c.All debtors:*   List all payments made within  **one year**  immediately preceeding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**See attachment 3c of  the Statement of Financial Affairs**

## 4.  Suits, executions, garnishments, and attachments

None

☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within  **one year**  immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None

☑

b.  Describe all property that has been attached, garnished, or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 5. Repossessions, foreclosures, and returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 6. Assignments and receiverships

None ☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 7. Gifts

None ☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.**  (Married debtors filing under chapter 12 o chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 9. Payments related to debt counseling or bankruptcy

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, or consultation concerning debt consolidation, relief under the bankruptcy laws, preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

### 10. Other transfers

None ☑

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the Debtor transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

b. List all property transferred by the debtor within **two years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

### 11.  Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against debts or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 14.  Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

---

### 15.  Prior address of debtor

None
☑

If the debtor has moved within the **three years**  immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

### 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington or Wisconsin) within **eight-years** immediately preceding the commencement of this case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purposes of this questions, the following definitions apply:

"Environmental Law" means any federal, state, of local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☑    c. List all judicial or administrative proceedings, including settlements or order, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location, and names of business**

None ☐    *a. If the debtor is an individual,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six-years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting of equity securities within the **six-years** immediately preceding the commencement of this case.

     *If the debtor is a partnership,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

     *If the debtor is a corporation,* list the names, addresses and taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the **six-years** immediately preceding the commencement of this case.

**See attachment 18a of the Statement of Financial Affairs**

None ☑    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

     The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six-years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sold proprietor or otherwise self-employed in a trade, profession, or other activity, either full- or part-time.

     *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐
a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

**See attachment 19a of the Statement of Financial Affairs**

None ☐
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**See attachment 19b of the Statement of Financial Affairs**

None ☐
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

**Mark Lehman, Chief Financial Officer**
**John Swancoat, VP, Corporate Controller**
**Ruud Rinkel, Asst. Controller**

None ☐
d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

**See attachment 19d of the Statement of Financial Affairs**

**20. Inventories**

None ☑
a. List the dates of the last two inventories taken of the debtor's property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☑
b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21. Current Partners, Officers, Directors and Shareholders**

None

☑     a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None

☐     b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent of more of the voting or equity securities of the corporation.

See attachment 21b of the Statement of Financial Affairs

**22. Former partners, officers, directors, and shareholders.**

None

☑     a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

None

☐     b. If the debtor is a corporation, list all officers, or directors whose relationships with the corporation terminated within **one year** immediately preceding the commencement of this case.

See attachment 22b of the Statement of Financial Affairs

**23. Withdrawals from a partnership or distributions by a corporation**

None

☑     If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

**24. Tax Consolidation Group**

None

☐     If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-years** immediately preceding the commencement of this case.

See attachment 24 of the Statement of Financial Affairs

**25. Pension Funds**

None

☑     If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six-years** immediately preceding the commencement of this case.

**3c. Payments made to insiders within the period of February 4, 2009 through January 22, 2010**

| Name | Wages | Bonus | Expenses | Car Allowance | Other | Note(s) | Total |
|------|-------|-------|----------|---------------|-------|---------|-------|
| KAY NAPIER | $211,538 | $125,000 | $82,827 | $0 | $0 | | $419,364 |
| MARK LEHMAN | $325,000 | $65,000 | $57,183 | $9,600 | $0 | | $456,783 |
| **TOTAL PAYMENTS** | **$536,538** | **$190,000** | **$140,010** | **$9,600** | **$0** | | **$876,147** |

**18a. Nature, location, and names of business**

| Name | Taxpayer ID No (ITIN) / Complete | Address, City, State, Zip | | Nature of Business | Status |
|------|------|------|------|------|------|
| ARBONNE GERMANY GMBH | FOREIGN ENTITY | C/O GRAF VON WESTPHALEN; WIDENMAYERSTR. 15 | MUNCHEN, GERMANY 80538 | OPERATIONS/SERVICE SUPPORT IN GERMANY | INACTIVE |
| ARBONNE AUSTRALIA PTY LTD. | FOREIGN ENTITY | LEVEL 1, BUILDING C, RHODES CORPORATE PARK; 1 HOMEBUSH BAY DRIVE | RHODES, AUSTRALIA NSW 2138 | OPERATIONS/SERVICE SUPPORT IN AUSTRALIA | ACTIVE |
| ARBONNE EUROPE SARL | FOREIGN ENTITY | C/O SCHELLENBERG WITMER; LOWENSTRASSE 19; POSTFACH 6333 | ZUIRCH, SWITZERLAND 8023 | INTERNATIONAL DISTRIBUTION COMPANY OUTSIDE NORTH AMERICA | ACTIVE |
| ARBONNE UK LIMITED | FOREIGN ENTITY | 4 MORE LONDON RIVERSIDE | LONDON, UK SE1 2AU | OPERATIONS/SERVICE SUPPORT IN UK | ACTIVE |
| ARBONNE GLOBAL HOLDINGS, INC. | FOREIGN ENTITY | C/O M&C CORPORATE SERVICES LIMITED; P.O. BOX 309GT; UGLAND HOUSE, SOUTH CHURCH STREET | GEORGE TOWN, GRAND CAYMAN | INTERNATIONAL INTELLECTUAL PROPERTY | ACTIVE |
| ARBONNE INTERNATIONAL CANADA, INC. | FOREIGN ENTITY | ROBSON COURT; 1000-840 HOWE STREET | VANCOUVER, BC V6Z2M1 | OPERATIONS/SERVICE SUPPORT IN CANADA | ACTIVE |
| ARBONNE INTERNATIONAL CANADA DISTRIBUTORS, LTD. | FOREIGN ENTITY | ROBSON COURT; 1000-840 HOWE STREET | VANCOUVER, BC V6Z2M1 | INACTIVE ENTITY | ACTIVE |
| ARBONNE INTERNATIONAL DISTRIBUTION, INC. | 20-5585608 | 9400 JERONIMO ROAD | IRVINE, CA 92618 | CONTRACTS WITH CONSULTANTS/EXPORTS TO NORTH AMERICA OUTSIDE U.S. | ACTIVE |
| ARBONNE INTERNATIONAL HOLDINGS, INC. | 20-5585671 | 9400 JERONIMO ROAD | IRVINE, CA 92618 | HOLDING COMPANY FOR INTERNATIONAL SUBSIDIARIES | ACTIVE |
| ARBONNE INSTITUTE OF RESEARCH AND DEVELOPMENT, LLC | 33-0762250 | 9400 JERONIMO ROAD | IRVINE, CA 92618 | RESEARCH AND DEVELOPMENT | ACTIVE |
| ARBONNE INTERNATIONAL, LLC | 33-0762250 | 9400 JERONIMO ROAD | IRVINE, CA 92618 | PRIMARY OPERATING ENTITY | ACTIVE |

**19a. Accountants and Bookkeepers Supervising Books, Records, and Financial Statements**

| Supervisor | Title | Address | City, State & Zip | Time Period |
|---|---|---|---|---|
| JOHN SWANCOAT | VICE PRESIDENT, CORPORATE CONTROLLER | 9400 JERONIMO ROAD | IRVINE, CA 92618 | THROUGH JANUARY 2010 |
| MARK LEHMAN | CHIEF FINANCIAL OFFICER | 9400 JERONIMO ROAD | IRVINE, CA 92618 | THROUGH JANUARY 2010 |
| RUUD RINKEL | ASSISTANT CONTROLLER | 9400 JERONIMO ROAD | IRVINE, CA 92618 | THROUGH JANUARY 2010 |

**19b. Auditors of Books, Records, and Financial Statements**

| Auditor | Address | City, State & Zip | Time Period |
|---|---|---|---|
| PRICEWATERHOUSECOOPERS LLP | 2020 MAIN STREET, SUITE 400 | IRVINE, CA 92614 | 2008, 2009 |

**19d. List all financial institutions and other parties to whom a financial statement was issued within the past two years.**

| Statement Issued To | Address | City, State & Zip |
|---|---|---|
| ABCLO 2007-1 LTD. | 1345 AVENUE OF THE AMERICAS FL 37; | NEW YORK, NY  10105-0302 |
| ACA CLO 2005-1, LIMITED | C/O ACA MANAGEMENT LLC; 140 BROADWAY; | NEW YORK, NY  10005 |
| ACA CLO 2006-1 LIMITED | 140 BROADWAY; ; | NEW YORK, NY  10005 |
| ACA CLO 2006-2, LIMITED | C/O APIDOS CAPITAL MANAGEMENT LLC; 712 5TH AVE FL 10; | NEW YORK, NY  10019-4108 |
| ACA CLO 2007-1, LIMITED | C/O APIDOS CAPITAL MANAGEMENT; 712 5TH AVE FL 10; | NEW YORK, NY  10019-4108 |
| ACM INCOME FUND | ALLIANCE CAPITAL MANAGMENT; 1345 AVENUE OF THE AMERICAS; | NEW YORK, NY  10105 |
| ANTARES CAPITAL CORPORATION | 311 SOUTH WACKER DRIVE; | CHICAGO, IL |
| APIDOS CDO II | 712 FIFH AVE 10TH FL; | NEW YORK, NY  10019 |
| APIDOS CDO III | C/O APIDOS CAPITAL MANAGEMENT LLC; 712 FIFTH AVENUE; | NEW YORK, NY  10019 |
| APIDOS CDO V | 712 5TH AVE 10TH FL; | NEW YORK, NY  10019 |
| APIDOS CINCO CDO | 712 5TH AVENUE 10TH FLOOR; | NEW YORK, NY  10019 |
| ATRIUM VI | CREDIT SUISSE; ELEVEN MADISON AVENUE, 13TH FLOOR; | NEW YORK, NY  10010 |
| AVENUE CLO FUND, LTD. | C/O AVENUE CAPITAL; 535 MADISON AVENUE; | NEW YORK, NY  10022 |
| AVENUE CLO II, LTD. | C/O AVENUE CAPITAL; 535 MADISON AVE. 15TH FL; | NEW YORK, NY  10022 |
| AVENUE CLO III, LTD | C/O AVENUE CAPITAL; 535 MADISON AVENUE; | NEW YORK, NY  10022 |
| AVENUE CLO IV, LTD | 535 MADISON AVENUE; 15TH FLOOR; | NEW YORK, NY  10022 |
| AVENUE CLO V, LTD. | 535 MADISON AVENUE; 15TH FLOOR; | NEW YORK, NY  10022 |
| AVENUE CLO VI, LTD. | 535 MADISON AVE FL 15; | NEW YORK, NY  10022-4274 |
| BIROCZKY, STEVE | 5984 SACREMENTO AVENUE; | ALTA LOMA, CA 91701 |
| BRIDGEPORT CLO II LTD. | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL  60018 |
| BRIDGEPORT CLO LTD. | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL  60018 |
| BURR RIDGE CLO PLUS LTD. | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL  60018 |
| CANPARTNERS INVESTMENTS IV, LLC | 9665 WILSHIRE BOULEVARD; SUITE 200; | BEVERLY HILLS, CA  90210 |
| CANYON CAPITAL CLO 2004-1 LTD. | C/O CANYON CAPITAL ADVISORS LLC; 2000 AVENUE OF THE STARS, 11TH FLOOR; | LOS ANGELES, CA  90067 |
| CANYON CAPITAL CLO 2006-1 LTD. | C/O CANYON CAPITAL ADVISORS LLC; 2000 AVENUE OF THE STARS, 11TH FLOOR; | LOS ANGELES, CA  90067 |
| CANYON CAPITAL CLO 2007-I LTD. | C/O CANYON CAPITAL ADVISORS LLC; 2000 AVENUE OF THE STARS, 11TH FLOOR; | LOS ANGELES, CA  90067 |
| CANYON SPECIAL OPPORTUNITIES MASTER | C/O CANYON CAPITAL ADVISORS LLC; 2000 AVENUE OF THE STARS, 11TH FLOOR; | LOS ANGELES, CA  90067 |

**19d. List all financial institutions and other parties to whom a financial statement was issued within the past two years.**

| Statement Issued To | Address | City, State & Zip |
|---|---|---|
| CC ARBITRAGE, LTD | BANK OF AMERICA MERRILL LYNCH; 540 W. MADISON, SUITE 1900 7E, MAIL CODE: IL4-540-; | CHICAGO, IL 60661 |
| CIBC | 425 LEXINGTON AVENUE; | NEW YORK, NY 10017 |
| CIFC FUNDING 2007-IV, LTD. | 250 PARK AVE FL 5; | NEW YORK, NY 10177-0001 |
| CIT GROUP/EQUIPMENT FINANCING, INC. | 900 ASHWOOD DRIVE; SUITE 600; | ATLANTA, GA 30338 |
| COLTS 2007-1 LTD. | 301 S COLLEGE ST; | CHARLOTTE, NC 28288-0001 |
| COLUMBUSNOVA CLO IV LTD. 2007-II | 200 S TRYON ST FL 12; | CHARLOTTE, NC 28202-3214 |
| COLUMBUSNOVA CLO LTD. 2006-II | 200 SOUTH TRYON STREET; 12TH FLOOR SUITE 1200; | CHARLOTTE, NC 28202 |
| COLUMBUSNOVA CLO LTD. 2007-I | 200 S TRYON ST FL 12; | CHARLOTTE, NC 28202-3214 |
| COMERICA BANK | P.O BOX 75000; ; | DETROIT, MI 48275-3329 |
| CONFLUENT 3 LIMITED | ONE PARKVIEW PLAZA; ; | OAKBROOK TERRACE, IL 60181 |
| CONFLUENT 4 LIMITED | C/O LOOMIS SAYLES; ONE FINANCIAL CENTER; | BOSTON, MA 02111 |
| CREDIT SUISSE LOAN FUNDING LLC | CREDIT SUISSE ; ONE MADISON AVENUE, 2ND FLOOR; | NEW YORK, NY 10010 |
| CREDIT SUISSE,CAYMAN ISLANDS BRANCH | 11 MADISON AVENUE; ; | NEW YORK, NY 10010 |
| CROWLEY, JOHN | | |
| CUMBERLAND II CLO LTD | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL 60018 |
| DENALI CAPITAL CLO IV, LTD | C/O DENALI CAPITAL LLC; 2001 SPRING ROAD, SUITE 220; | OAK BROOK, IL 60523 |
| DENALI CAPITAL CLO V, LTD. | C/O DENALI CAPITAL LLC; 2001 SPRING ROAD, SUITE 220; | OAK BROOK, IL 60523 |
| DENALI CAPITAL CLO VI, LTD | C/O DENALI CAPITAL LLC; 2001 SPRING ROAD, SUITE 220; | OAK BROOK, IL 60523 |
| DENALI CAPITAL CLO VII, LTD. | C/O DENALI CAPITAL LLC; 2001 SPRING ROAD, SUITE 220; | OAK BROOK, IL 60523 |
| DENALI CAPITAL CREDIT OPPORTUNITY | C/O DENALI CAPITAL LLC; 2001 SPRING ROAD, SUITE 220; | OAK BROOK, IL 60523 |
| DOBOS, STEPHEN | 5801 CAMINO NUBES; | SAN CLEMENTE, CA 92673 |
| ECP CREDIT LLC | C/O EOS PARTNERS LP; 320 PARK AVE; | NEW YORK, NY 10022-6815 |
| ELSTROTT, JOHN | 9604 ROBIN LANE; | RIVER RIDGE, LA 70123 |
| EMPORIA PREFERRED FUNDING I, LTD. | 450 PARK AVE FL 10; | NEW YORK, NY 10022-2605 |
| EMPORIA PREFERRED FUNDING II LTD. | C/O COHEN BROTHERS; 450 PARK AVENUE; | NEW YORK, NY 10022 |
| EMPORIA PREFERRED FUNDING III, LTD | 135 EAST 57TH STREET; 19TH FLOOR; | NEW YORK, NY 10022 |
| ESTALELLA, RICHARD | 135 WEST YALE LOOP; | IRVINE, CA 92604 |
| FELDMAN, ROSALYN | 1014 E. ORANGE GROVE; | BURBANK, CA 91501 |

**19d. List all financial institutions and other parties to whom a financial statement was issued within the past two years.**

| Statement Issued To | Address | City, State & Zip |
|---|---|---|
| FOREST CREEK CLO, LTD | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL 60018 |
| FREEPORT LOAN FUND LLC | 500 WEST MADISON STREET; SUITE 1710; | CHICAGO, IL 60661 |
| FREEPORT LOAN TRUST 2006-1 | 500 WEST MADISON STREET; SUITE 1710; | CHICAGO, IL 60661 |
| FREEPORT OFFSHORE LOAN FUND LLC | 500 WEST MADISON STREET; SUITE 1710; | CHICAGO, IL 60661 |
| GENERAL ELECTRIC CAPITAL | 201 HIGH RIDGE RD.; ; | STAMFORD, CT 06927 |
| GOLDMAN SACHS ASSET MANAGEMENT CLO | 30 HUDSON STREET; 15TH FLOOR; | JERSEY CITY, NJ 07302 |
| GREIF & CO. | 633 W. FIFTH STREET, 65TH FLOOR; | LOS ANGELES, CA 90071 |
| GREULICH, GEOFF | 3485 RIDGEFORD DR; | WESTLAKE VILLAGE, CA 91361 |
| GREYROCK CDO LTD. | C/O ALADDIN CAPITAL MANAGEMENT LLC; SIX LANDMARK SQUARE, 6TH FLOOR; | STAMFORD, CT 06901 |
| GSC CAPITAL CORP. LOAN FUNDING | GSC GROUP; 300 CAMPUS DRIVE, SUITE 110 ; | FLORHAM PARK, NJ 7932 |
| GSC GROUP CDO FUND VIII, LIMITED | GSC GROUP; 300 CAMPUS DRIVE, SUITE 110 ; | FLORHAM PARK, NJ 7932 |
| GSC PARTNERS CDO FUND IV, LIMITED | GSC GROUP; 300 CAMPUS DRIVE, SUITE 110 ; | FLORHAM PARK, NJ 7932 |
| GSC PARTNERS CDO FUND V LIMITED | GSC GROUP; 300 CAMPUS DRIVE, SUITE 110 ; | FLORHAM PARK, NJ 7932 |
| GSC PARTNERS CDO FUND VI LIMITED | GSC GROUP; 300 CAMPUS DRIVE, SUITE 110 ; | FLORHAM PARK, NJ 7932 |
| GSC PARTNERS CDO FUND VII LIMITED | GSC GROUP; 300 CAMPUS DRIVE, SUITE 110 ; | FLORHAM PARK, NJ 7932 |
| GSC PARTNERS GEMINI FUND LIMITED | GSC GROUP; 300 CAMPUS DRIVE, SUITE 110 ; | FLORHAM PARK, NJ 7932 |
| GUGGENHEIM | | |
| HAGGE, MARTY | 4828 E PATRICK LN; | PHOENIX, AZ 85054 |
| HARBOURVIEW CLO 2006-1 | 6801 S TUCSON WAY; ; | CENTENNIAL , CO 80112 |
| HARVEST PARTNERS | 280 PARK AVENUE, 25TH FLOOR; | NEW YORK, NY 10017 |
| HARVEST PARTNERS IV GMBH AND CO. KG | 280 PARK AVENUE, 25TH FLOOR; | NEW YORK, NY 10017 |
| HARVEST PARTNERS IV, L.P. | 280 PARK AVENUE, 25TH FLOOR; | NEW YORK, NY 10017 |
| HARVEST PARTNERS, INC. | 280 PARK AVENUE, 33RD FLOOR; | NEW YORK, NY 10017 |
| HENRY, ROBERT M. | 26 VENEZIA; | NEWPORT COAST, CA 92657 |
| HEWETTS ISLAND CLO III LTD | ONE BOSTON PLACE; 16TH FLOOR; | BOSTON, MA 02108 |
| HEWETTS ISLAND CLO IV, LTD. | ONE BOSTON PLACE; 16TH FLOOR; | BOSTON, MA 02108 |
| HEWETTS ISLAND CLO V, LTD | ONE BOSTON PLACE; 16TH FLOOR; | BOSTON, MA 02108 |
| HEWETTS ISLAND CLO VI, LTD. | ONE BOSTON PLACE; 16TH FLOOR; | BOSTON, MA 02108 |
| HUKARI, CAROL | 28852 WESTPORT WAY; | LAGUNA NIGUEL, CA 92677 |
| HUNSCHE, MICHAEL | 313 IRVINE AVENUE; | NEWPORT BEACH, CA 92663 |
| ING INTERNATIONAL (II) - SENIOR | C/O ING INVESTMENT MANAGEMENT CO.; 7337 E. DOUBLETREE RANCH ROAD; | SCOTTSDALE, AZ 85258 |
| ING INVESTMENT MANAGEMENT CLO II | 7337 E. DOUBLETREE RANCH ROAD; ; | SCOTTSDALE, AZ 85258 |

**19d. List all financial institutions and other parties to whom a financial statement was issued within the past two years.**

| Statement Issued To | Address | City, State & Zip |
| --- | --- | --- |
| ING INVESTMENT MANAGEMENT CLO III | 7337 E. DOUBLETREE RANCH ROAD; ; | SCOTTSDALE, AZ 85258 |
| ING INVESTMENT MANAGEMENT CLO V,LTD | C/O ING INVESTMENT MANAGMENT CO.; 7337 E DOUBLETREE RANCH RD; | SCOTTSDALE , AZ 85258-2160 |
| ING INVESTMENT MANGEMENT CLO I LTD | 7337 E. DOUBLETREE RANCH ROAD; ; | SCOTTSDALE, AZ 85258 |
| JPMORGAN CHASE BANK | 270 PARK AVENUE; MAIL CODE: NY1-K236 ; | NEW YORK, NY 10017 |
| KATONAH IX CLO LTD. | C/O KATONAH CAPITAL; 295 MADISON AVENUE, FLOOR 6; | NEW YORK, NY 10017 |
| KATONAH VII, CLO LTD. | C/O KATONAH CAPITAL; 295 MADISON AVENUE, FLOOR 6; | NEW YORK, NY 10017 |
| KATONAH VIII CLO LTD | C/O KATONAH CAPITAL; 295 MADISON AVENUE, FLOOR 6; | NEW YORK, NY 10017 |
| KATONAH X CLO LTD. | C/O KATONAH CAPITAL; 295 MADISON AVENUE, FLOOR 6; | NEW YORK, NY 10017 |
| KEEFE, CANDACE | 2898 ROUNSEVEL TERRACE; | LAGUNA BEACH, CA 92651 |
| KOHLBERG CAPITAL FUNDING LLC I | C/O KATONAH CAPITAL; 295 MADISON AVENUE, FLOOR 6; | NEW YORK, NY 10017 |
| LANDMARK III CDO LIMITED | C/O ALADDIN CAPITAL MANAGEMENT LLC; SIX LANDMARK SQUARE, 6TH FLOOR; | STAMFORD, CT 06901 |
| LANDMARK IV CDO LIMITED | C/O ALADDIN CAPITAL MANAGEMENT LLC; SIX LANDMARK SQUARE, 6TH FLOOR; | STAMFORD, CT 06901 |
| LANDMARK IX CDO LTD. | C/O ALADDIN CAPITAL MANAGEMENT LLC; SIX LANDMARK SQUARE, 6TH FLOOR; | STAMFORD, CT 06901 |
| LANDMARK V CDO LIMITED | C/O ALADDIN CAPITAL MANAGEMENT LLC; SIX LANDMARK SQUARE, 6TH FLOOR; | STAMFORD, CT 06901 |
| LANDMARK VI CDO LIMITED | C/O ALADDIN CAPITAL MANAGEMENT LLC; SIX LANDMARK SQUARE, 6TH FLOOR; | STAMFORD, CT 06901 |
| LANDMARK VII CDO LTD | C/O ALADDIN CAPITAL MANAGEMENT LLC; SIX LANDMARK SQUARE, 6TH FLOOR; | STAMFORD, CT 06901 |
| LANDMARK VIII CLO LTD | C/O ALADDIN CAPITAL MANAGEMENT LLC; SIX LANDMARK SQUARE, 6TH FLOOR; | STAMFORD, CT 06901 |
| LATITUDE CLO I | C/O LUFKIN ADVISORS; 1065 E HILLSDALE BLVD; | FOSTER CITY, CA 94404 |
| LATITUDE CLO II LTD. | 1065 E HILLSDALE BLVD; SUITE 228; | FOSTER CITY, CA 94404 |
| LATITUDE CLO III LTD. | 1065 E. HILLSDALE BLVD; SUITE 228; | FOSTER CITY, CA 94404 |
| LEHMAN, MARK I. | 16 LYRA; | IRVINE, CA 92603 |
| LFSIGXG LLC | 540 MADISON AVE STE 21A; | NEW YORK, NY 10022-3244 |
| LONG GROVE CLO, LIMITED | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL 60018 |
| LOOMIS SAYLES CLO I, LTD | C/O LOOMIS SAYLES; ONE FINANCIAL CENTER; | BOSTON, MA 02111 |
| MADISON PARK FUNDING II, LTD | CREDIT SUISSE; ELEVEN MADISON AVENUE, 13TH FLOOR; | NEW YORK, NY 10010 |

**19d. List all financial institutions and other parties to whom a financial statement was issued within the past two years.**

| Statement Issued To | Address | City, State & Zip |
|---|---|---|
| MADISON PARK FUNDING III, LTD | CREDIT SUISSE; ELEVEN MADISON AVENUE, 13TH FLOOR; | NEW YORK, NY 10010 |
| MADISON PARK FUNDING V LTD. | CREDIT SUISSE; ELEVEN MADISON AVENUE, 13TH FLOOR; | NEW YORK, NY 10010 |
| MADISON PARK FUNDING VI LTD. | CREDIT SUISSE; ELEVEN MADISON AVENUE, 13TH FLOOR; | NEW YORK, NY 10010 |
| MARKET SQUARE CLO LTD. | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL 60018 |
| MARQUETTE PARK CLO LTD | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL 60018 |
| MER INVESTMENTS, INC. (ROSEN, MICHAEL) | 1640 LOMA VISTA DRIVE; | BEVERLY HILLS, CA 90210 |
| MOLLOY, TIM | 11 VALORE DRIVE; | NEWPORT COAST, CA 92657 |
| MORCK, PETTER | 31542 CATALINA AVE; | LAGUNA BEACH, CA 92651 |
| MORCK, STIAN | 31542 CATALINA AVE; | LAGUNA BEACH, CA 92651 |
| MORGAN STANLEY INVESTMENT | ONE PARKVIEW PLAZA; 4TH FLOOR; | OAKBROOK TERRACE, IL 60181 |
| MORGAN STANLEY PRIME INCOME TRUST | 1221 AVENUE OF THE AMERICAS; | NEW YORK, NY 10020-1001 |
| MORGAN STANLEY SENIOR FUNDING, INC. | C/O TAX DEPARTMENT; 1585 BROADWAY FL 25; | NEW YORK, NY 10019 |
| MOUNTAIN CAPITAL CLO III LTD. | C/O MIZUHO CORPORATE BANK; 1141 AVENUE OF THE AMERICAS; | NEW YORK, NY 10036 |
| MOUNTAIN CAPITAL CLO IV LTD | C/O MIZUHO CORPORATE BANK; 1141 AVENUE OF THE AMERICAS; | NEW YORK, NY 10036 |
| MOUNTAIN CAPITAL CLO V, LTD. | C/O MIZUHO CORPORATE BANK; 1141 AVENUE OF THE AMERICAS; | NEW YORK, NY 10036 |
| MOUNTAIN CAPITAL CLO VI LTD. | 1251 AVENUE OF THE AMERICAS FL 30; | NEW YORK, NY 10020-1104 |
| MSIM PECONIC BAY, LTD. | 1 PARKVIEW PLAZA 4TH FLOOR; | OAKBROOK TERRACE, IL 60181 |
| NAVIGATOR CDO 2004, LTD | C/O JP MORGAN CHASE BANK; 600 TRAVIS STREET; | HOUSTON, TX 77002 |
| NAVIGATOR CDO 2005, LTD. | C/O ANTARES ASSET MANAGEMENT; 311 SOUTH WACKER DRIVE; | CHICAGO, IL 60606 |
| NAVIGATOR CDO 2006, LTD | 500 WEST MONROE; 18TH FLOOR; | CHICAGO, IL 60661 |
| OCM MEZZANINE FUND II HOLDINGS L.P. | 1301 AVENUE OF THE AMERICAS; 34TH FLOOR; | NEW YORK, NY 10019 |
| OPPENHEIMER MASTER LOAN FUND, LLC | 6801 S TUCSON WAY; ; | CENTENNIAL , CO 80112 |
| OPPENHEIMER SENIOR FLOATING RATE FD | 6801 S TUCSON WAY; ; | CENTENNIAL , CO 80112 |
| OREGON STATE TREASURY | 1345 AVE OF THE AMERICAS 37THFL; | NEW YORK, NY 10105 |
| PACIFICA CDO VI, LTD. | 150 S. RODEO DRIVE; STE. 230; | BEVERLY HILLS, CA 90212 |
| PECK, RICHARD | 23964 PARK GRANADA; | CALABASAS, CA 91302 |
| QUALCOMM GLOBAL TRADING, INC. | ONE PARKVIEW PLAZA; | OAKBROOK TER, IL 60181 |
| SANFORD C. BERNSTEIN FUND, INC- | 1345 AVENUE OF THE AMERICAS FL 37; | NEW YORK, NY 10105-0302 |

**19d. List all financial institutions and other parties to whom a financial statement was issued within the past two years.**

| Statement Issued To | Address | City, State & Zip |
| --- | --- | --- |
| SCHILLER PARK CLO, LTD. | C/O DEERFIELD CAPITAL MANAGEMENT; 6250 N. RIVER ROAD, 9TH FLOOR; | ROSEMONT, IL 60018 |
| SEYBOLD, SCOTT | 9200 MASON AVENUE; | CHATSWORTH, CA 91311 |
| SIMON, BETTINA | 1278 GLENNEYRE; PMP 112; | LAGUNA BEACH, CA 92651 |
| SPENCE, PADDY | 2736 JALMIA DR; | LOS ANGELES, CA 90046 |
| TCW | 11100 SANTA MONICA BLVD. #2000; | LOS ANGELES, CA 90025 |
| TCW SHARED OPPORTUNITY FUND V, LP | 11100 SANTA MONICA BLVD STE 2000; | LOS ANGELES, CA 90025-3335 |
| TELOS CLO 2006-1, LTD. | TRICADIA LOAN MANAGEMENT, LLC ; 780 THIRD AVE, 22ND FLOOR ; | NEW YORK, NY 10017 |
| TELOS CLO 2007-2, LTD. | TRICADIA LOAN MANAGEMENT, LLC ; 780 THIRD AVE, 22ND FLOOR ; | NEW YORK, NY 10017 |
| THE DAVENPORT AGENCY, INC. | | |
| TWIN HAVEN SPECIAL OPPORTUNITIES | 33 RIVERSIDE AVENUE, 3RD FLOOR; | WESTPORT, CT 6880 |
| UBS, INC. (MARK LEHMAN RETIREMENT ACCNT) | 100 FEDERAL STREET 27TH FLOOR; | BOSTON, MA 02110 |
| VENTURE II CDO 2002, LIMITED | C/O BARCLAYS CAPITAL ASSET MGMT; 222 BROADWAY; | NEW YORK, NY 10038 |
| VENTURE III CDO LIMITED | 200 PARK AVENUE; 3RD FLOOR; | NEW YORK, NY 10166 |
| VENTURE IV CDO LIMITED | C/O MJX ASSET MANAGEMENT; 650 MADISON AVENUE; | NEW YORK, NY 10022 |
| VENTURE V CDO LIMITED | 12 E 49TH STREET; 29TH FLOOR; | NEW YORK, NY 10017 |
| VENTURE VI CDO LIMITED | 12 E. 49TH STREET; 29TH FL; | NEW YORK, NY 10017 |
| VENTURE VII CDO LIMITED | 12 E. 49TH STREET; 29TH FLOOR; | NEW YORK, NY 10017 |
| VENTURE VIII CDO LIMITED | 12 E 49TH ST FL 29; | NEW YORK, NY 10017-1028 |
| VISTA LEVERAGED INCOME FUND | C/O MJX ASSET MANAGEMENT LLC; 650 MADISON AVENUE; | NEW YORK, NY 10022 |
| WAYMENT, BRAD | 1 FLINTRIDGE AVENUE; | LADERA RANCH, CA 92694 |
| WESTLB AG, NEW YORK BRANCH | 1211 AVENUE OF THE AMERICAS; ; | NEW YORK, NY 10036 |
| WESTWOOD CDO II LTD. | 10877 WILSHIRE BLVD STE 1550; | LOS ANGELES, CA 90024-4351 |
| WILLIAMS, HAL | PO BOX 3870; | OAKHURST, CA 93644 |
| ZIMMERMAN, JULES | 10 MINEOLA AVENUE; | POINT LOOK OUT, NY 11569 |
| ZODIAC FUND | 1 PARKVIEW PLAZA 4TH FLOOR; | OAKBROOK TERRACE, IL 60181 |

**Specific Notes**

Financial statements submitted to various financial institutions in the ordinary course of business within the last two years.

**21b.  Current Officers, Directors and Stockholders holding 5% or more of the voting or equity securities**

| Name and Address | Title | Nature and % of Stock Ownership |
| --- | --- | --- |
| CHRISTOPHER WHALEN | DIRECTOR | 0% |
| IRA KLEINMAN | DIRECTOR | 0% |
| KATHERINE S. NAPIER | DIRECTOR, PRESIDENT | 0% |
| MARK I. LEHMAN | TREASURER, SECRETARY | 0% |
| MICHAEL DEFLORIO | DIRECTOR | 0% |
| STEPHEN BIROCZKY | DIRECTOR | 0% |
| NATURAL PRODUCTS GROUP, LLC | PARENT COMPANY | 100% |

**22b. Former Officers and Directors**

| Name | Title | Address |
|---|---|---|
| CHRISTOPHER WHALEN | SECRETARY | 9400 JERONIMO ROAD, IRVINE, CA 92816 |
| MICHAEL DEFLORIO | PRESIDENT AND TREASURER | 9400 JERONIMO ROAD, IRVINE, CA 92816 |

**24. Tax Consolidation Group**

| Legal Entity Which Paid Taxes | EIN |
|---|---|
| ARBONNE INTERMEDIATE HOLDCO, INC. | 87-0735363 |

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

I, authorized signatory of this debtor entity, declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.


ARBONNE INTERMEDIATE HOLDCO, INC.


Date:    02/12/2010                          By: _____

                                             MARK I. LEHMAN
                                             TREASURER, SECRETARY

*Penalty for making a false statement: Fine of up to $500,000, or imprisonment for up to 5 years, or both.  18 U.S.C. § 152 and 3571.*