IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NATURAL PRODUCTS GROUP, LLC, et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 10-10239 (BLS)<br>)<br>) Jointly Administered<br>)<br>) Re: Docket No. 56 |

**ORDER PURSUANT TO BANKRUPTCY RULES 2002 AND 3003 AND LOCAL RULE 3003-1 (I) ESTABLISHING BAR DATES FOR FILING CERTAIN PROOFS OF CLAIM; (II) ESTABLISHING RAMIFICATIONS FOR FAILURE TO COMPLY THEREWITH; (III) APPROVING ELECTRONIC PROOF OF CLAIM SYSTEM, PROOF OF CLAIM FORM AND NOTICE OF BAR DATE; AND (IV) APPROVING PUBLICATION NOTICE AND PUBLICATION PROCEDURES**

Upon the motion, dated February 5, 2010 (the "Motion"), of Natural Products Group, LLC ("NPG") and its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to Bankruptcy Rules[2] 2002(a)(7), (f), (l) and 3003(c) and Local Rule 3003-1 (i) establishing bar dates for filing certain proofs of claim; (ii) establishing ramifications for failure to comply therewith; (iii) approving electronic proof of claim system, proof of claim form and notice of bar date; and (iv) approving publication notice and publication procedures; and it appearing that the notice procedures relating to the proposed procedures, deadlines, and enforcement mechanisms relating to the bar date provided for by this Order are fair, reasonable, and adequate, and they comport with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Due Process Clause of the United States Constitution; and it

---

[1] The debtors and debtors in possession in these cases, along with the last four digits of their respective federal tax identification numbers, are Natural Products Group, LLC (9470); Arbonne Intermediate Holdco, Inc. (5363); Levlad Intermediate Holdco, Inc. (5367); Arbonne International, LLC (2250); Levlad, LLC (3496); Arbonne Institute of Research and Development, LLC (2250); Arbonne International Holdings, Inc. (5671); and Arbonne International Distribution, Inc. (5608).

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the last day for parties other than governmental units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in all of the above-captioned cases is **April 29, 2010 at 4:00 p.m. Prevailing Eastern Time** (the "General Bar Date"); and it is further

ORDERED that the last day for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in all of the above-captioned cases is **July 26, 2010 at 4:00 p.m. Prevailing Eastern Time** (the "Government Bar Date," and together with the General Bar Date, the "Bar Dates"); and it is further

ORDERED that, in accordance with Bankruptcy Rule 9007, the form of notice of the Bar Dates, substantially in the form attached hereto as Exhibit "A" (the "Bar Date Notice"), is incorporated herein by reference and approved; and it is further

ORDERED that the Debtors will serve the Bar Date Notice by March 15, 2010 (the "Mailing Date"), by United States mail, first class postage prepaid, or by any other means approved by this Court, to all of the following whose addresses are known by the Debtors:

    a.    all known creditors, as reflected in the Schedules of Assets and Liabilities filed by the Debtors ("Schedules");

    b.    all known shareholders of record, based upon the list of equity security holders filed by the Debtors;

  c.  all parties that have requested special notice; and

  d.  all other parties in interest as required by Bankruptcy Rules 2002(i), (j), and (k);

and it is further

  ORDERED that a proof of claim will be deemed timely and properly filed if it is filed with the Court-appointed claims agent, AlixPartners, LLP (the "Claims Agent"), so that it is actually received by the Claims Agent no later than the applicable Bar Date as established by this Order; proofs of claim may be filed (i) electronically through the Electronic Claim System located at https://www.npginfo.com (by clicking "File a Claim"), or (ii) by mail or other delivery method addressed to: Natural Products Group, LLC, c/o AlixPartners, LLP, 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201; provided, however, that proofs of claim that have already been filed with the Clerk of the United States Bankruptcy Court for the District of Delaware need not be re-filed and will be incorporated into the Claims Dockets for these cases by the Claims Agent; and it is further

  ORDERED that all proofs of claim must conform to the Proof of Claim form attached to the Motion as Exhibit "B", which is hereby approved, or Official Form No. 10; and it is further

  ORDERED that the following persons or entities are **not** required to file a proof of claim on or before the applicable Bar Date:

  a.  any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the District of Delaware, a proof of claim against the Debtors using a claim form which substantially conforms to the Proof of Claim or Official Form No. 10;

  b.  any person or entity whose claim has been allowed by, or paid pursuant to, an order of this Court entered on or before the applicable Bar Date;

3

c.  any directors, officers or employees of the Debtors as of the Petition Date that have or may have contingent or unliquidated claims against the Debtors for indemnification, contribution, or subrogation, or for reimbursement related to the foregoing; provided, however, that any director, officer or employee of the Debtors as of the Petition Date asserting any non-contingent or liquidated claims against the debtors for indemnification, contribution, or subrogation, or for reimbursement related to the foregoing shall be required to file a proof of claim against the Debtors' estates on or before the applicable Bar Date; provided further, however, that any director, officer or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employ of the Debtors following the Petition Date must file a proof of claim by the later of (a) the applicable Bar Date or (b) twenty-one (21) days following such resignation or termination of employment if such director, officer or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or subrogation, or for reimbursement related to the foregoing;

d.  any employees of the Debtors as of the Petition Date that have or may have claims against the Debtors for obligations authorized to be paid pursuant to that certain order entered January 28, 2010 [Docket No. 34] granting Debtors' Motion for Authority to Pay Prepetition Wages, Compensation and Employee Benefits, filed January 27, 2010 [Docket No. 4] (the "Employee Motion"), including accrued but unpaid wages and salary on account of services rendered prepetition, accrued and unused vacation (for terminated employees upon separation only), Car Allowances[3] and Reimbursable Expenses, Employee Benefits, obligations owed under the Employee Purchase Plan and Educational Assistance program, Matching Obligations and Unemployment Obligations, and other miscellaneous employee expenses and benefits as described in the Employee Motion; provided, however, that (i) former employees for which the Debtors have terminated the employment of such employees prior to the Petition Date and that assert any claims against the Debtors and (ii) current employees that assert claims against the Debtors other than for the Debtors' obligations authorized to be paid pursuant to the Employee Motion shall be required to file a proof of claim against the Debtors' estates on or before the applicable Bar Date;

---

[3] The Employee Motion, along with the order, is available to view on the Claims Agent's website at www.npginfo.com.

e. any active or inactive AICs[4] as of the Petition Date that have or may have claims against the Debtors for obligations authorized to be paid pursuant to that certain order entered January 28, 2010 [Docket No. 35] granting Debtors' Motion to Preserve the Arbonne Independent Consultants Network and, in Connection Therewith, Authorizing the Debtors to (A) Pay Certain Prepetition Claims; (B) Honor and Maintain Incentive Discounts and Other Rewards; and (C) Maintain Related Programs in the Ordinary Course, filed January 27, 2010 [Docket No. 5] (the "AIC Motion"), including accrued but unpaid AIC Payments[5] on account of services rendered (i.e. goods sold) prepetition, obligations owed in connection with returns, Guarantees, Virtual Vouchers (and other Incentives) and accumulated ASAP Points, and other miscellaneous AIC related expenses and benefits as described in the AIC Motion; provided, however, that (i) former AICs for which the Debtors have terminated the independent consultant contract prior to the Petition Date and that assert any claims against the Debtors and (ii) active or inactive AICs that assert claims against the Debtors other than for the Debtors' obligations authorized to be paid pursuant to the AIC Motion shall be required to file a proof of claim against the Debtors' estates on or before the applicable Bar Date;

f. the Prepetition Lenders with respect to claims arising under the Prepetition Credit Facilities;

g. a Debtor having a claim against another Debtor;

h. any direct or indirect non-debtor subsidiary of a Debtor having a claim against a Debtor; and

i. any person or entity whose claim is listed in the Debtors' Schedules and (i) the claim is not described as contingent, unliquidated or disputed; (ii) the claimant agrees with the amount, nature, and priority of the claim set forth in the Schedules; and (iii) the claimant agrees that the claim is an obligation of the specific Debtor which has listed the claim in its Schedules;

and it is further

---

[4] "Inactive AICs" does not include independent consultants for which Arbonne has terminated the independent consultant contract prior to the Petition Date.
[5] The AIC Motion, along with the order, is available to view on the Claims Agent's website at www.npginfo.com.

5

WM1A 947346v1 02/17/10

ORDERED that notwithstanding the above decretal paragraphs, the last day to file a proof of claim for any entity asserting a claim by reason of the rejection of an executory contract or unexpired lease is the later of (i) the applicable Bar Date or (ii) the first business day that is at least twenty-one (21) calendar days after the mailing of (a) a notice of an order approving the rejection of an executory contract or unexpired lease or (b) notice of rejection of an executory contract or unexpired lease in accordance with any procedural order entered by the Court; and it is further

ORDERED that notwithstanding the above decretal paragraphs, the last day for any entity asserting a claim arising from the recovery of a voidable transfer will be the later of (i) the Bar Date or (ii) the first business day that is at least twenty-one (21) calendar days after the mailing of notice of entry of any order approving the avoidance of the transfer; and it is further

ORDERED that notwithstanding the above decretal paragraphs, the last day for any entity asserting a claim arising from the assessment of certain taxes as described in section 507(a)(8) and permitted under section 502(i) of the Bankruptcy Code will be the later of (i) the applicable Bar Date, or (ii) the first business day that is at least twenty-one (21) calendar days after the date the relevant tax claim arises; and it is further

ORDERED that if an amendment to the Schedules reduces the liquidated amount of a scheduled claim, or reclassifies a scheduled, undisputed, liquidated, non-contingent claim as disputed, unliquidated, or contingent and the affected claimant has not filed a proof of claim, the affected claimant may file a proof of claim on the later of (i) the applicable Bar Date or (ii) the first business day following twenty-one (21) calendar days after the mailing of the notice of such amendment in accordance with Bankruptcy Rule 1009(a); provided, however, that creditors are not entitled to an extension of the applicable Bar Date if an amendment to the Schedules

6
WM1A 947346v1 02/17/10

increases the scheduled amount of an undisputed, liquidated, non-contingent claim; and it is further

ORDERED that neither the Bar Dates nor any other deadline established in this Order applies to requests for the payment of administrative expenses arising in these cases under sections 503, 507(a)(2), 507(b), 330(a), 331, and/or 364 of the Bankruptcy Code; and it is further

ORDERED that holders of equity securities of the Debtors need not file a proof of interest; provided, however, that an equity security holder must file a proof of claim by the General Bar Date to the extent that such equity security holder asserts any rights as a creditor holding a claim against any of the Debtors, including any claim arising out of or relating to the ownership, sale, issuance or purchase of an equity interest in any of the Debtors; and it is further

ORDERED that after the applicable Bar Date, or such other claim-filing deadline as is applicable under this Order, a creditor may not amend upward a claim deemed filed on its behalf under section 1111(a) of the Bankruptcy Code solely by virtue of the listing of such claim by the Debtors in the Schedules; and it is further

ORDERED that if a timely-filed claim is transferred, the transferee must (i) file a notice of transfer of the claim with the Claims Agent, in accordance with Bankruptcy Rule 3001(e), at Natural Products Group, LLC, c/o AlixPartners, LLP, 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201; (ii) file such notice of transfer with this Court; and (iii) serve a copy of the notice of transfer on the Debtors' counsel: White & Case LLP, Attn: Matthew C. Brown, Esq., Wachovia Financial Center, 200 South Biscayne Boulevard, 49th Floor, Miami, Florida 33131; and it is further

ORDERED that if a creditor fails to timely file a proof of claim in these cases in compliance with the procedures and deadlines established by this Order, and such creditor's

claim is not listed in the Schedules, is listed in the Schedules for $0.00, or is listed in the Schedules as disputed, unknown, contingent, or unliquidated, then such creditor shall not be treated as a creditor with respect to such claim for purposes of receiving any distribution under any confirmed chapter 11 plan or plans, and such creditor shall be bound by the terms of any chapter 11 plan or plans that may be confirmed in these cases; and it is further

ORDERED that, in accordance with Bankruptcy Rule 9008, the Bar Date Notice is approved in all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Dates and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that the Debtors are authorized to publish the Bar Date Notice one time in <u>The Wall Street Journal</u> (National Edition) at least seven (7) days before the General Bar Date; and it is further

ORDERED that if the Debtors determine after the Mailing Date that an additional party or parties should appropriately receive the Bar Date Notice, the date by which a proof of claim must be filed by such party or parties shall be the later of (i) the applicable Bar Date or (ii) the date that is twenty-one (21) days from the mailing date of an amended notice to such additional party or parties; and it is further

ORDERED that, except as expressly set forth herein, if a claim is asserted against more than one of the Debtors, a separate proof of claim must be filed against each of the Debtors; and it is further

ORDERED that, except as expressly set forth herein, if more than one Debtor is listed on the Proof of Claim, then such claim will be treated as filed only against the first listed Debtor; and it is further

ORDERED that if a proof of claim is filed under the lead joint-administration case—Natural Products Group, LLC, Case No. 10-10239 (BLS)—or no specific Debtor is indicated, the proof of claim will be deemed as filed only against NPG; and it is further

ORDERED that notwithstanding the fact that the Debtors have scheduled a claim as liquidated and undisputed, the Debtors are not precluded from amending their Schedules and the Debtors and all parties in interest shall retain the right to object to any proof of claim; and it is further

ORDERED that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

Dated: February 14, 2010
Wilmington, Delaware

UNITED STATES BANKRUPTCY JUDGE

WM1A 947346v1 02/17/10