IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| NATURAL PRODUCTS GROUP, LLC, et al., | ) Case No. 10-10239 (BLS) |
| Debtors. | ) Jointly Administered |
|  | ) Re: Docket Nos. 12, 90 and 107 |

**(I) NOTICE OF ESTABLISHMENT OF BAR DATES FOR FILING PROOFS OF CLAIM AGAINST THE ESTATES**

**AND**

**(II) NOTICE OF (A) CONFIRMATION OF PREPACKAGED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR NATURAL PRODUCTS GROUP, LLC AND ITS AFFILIATED DEBTORS; AND (B) OCCURRENCE OF EFFECTIVE DATE**

**THIS NOTICE DESCRIBES IMPORTANT DEADLINES AND PROCEDURES THAT MAY AFFECT YOUR LEGAL RIGHTS. YOU MAY WISH TO CONSULT WITH AN ATTORNEY TO PROTECT YOUR RIGHTS.**

On January 27, 2010 (the "Petition Date"), Natural Products Groups, LLC ("NPG") and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, their respective addresses, chapter 11 case numbers, and the last four digits of their federal tax identification numbers are listed at the bottom of this notice. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered before the Honorable Brendan L. Shannon.

Additional information about the Debtors' cases and copies of pleadings filed in these cases are accessible at www.npginfo.com. Unless otherwise defined or stated herein, capitalized terms have the meanings ascribed to them in the Plan.

**(I)
ESTABLISHMENT OF BAR DATES FOR FILING
PROOFS OF CLAIM AGAINST THE ESTATES**

On February 19, 2010, the Bankruptcy Court entered an order [Docket No. 90] (the "Bar Date Order") establishing the deadline by which creditors of the Debtors (other than "governmental units" as defined in section 101(27) of the Bankruptcy Code) must file proofs of claim (the "General Bar Date"). **The General Bar Date is April 29, 2010, at 4:00 p.m. Prevailing Eastern Time**. The Bar Date Order also establishes the deadline by which governmental units (as defined in section 101(27) of the Bankruptcy Code) must file proofs of claim (the "Government Bar Date", and together with the General Bar Date, the "Bar Dates"). **The Government Bar Date is July 26, 2010, at 4:00 p.m. Prevailing Eastern Time**. Set forth below is merely a summary of the Bar Date Order. The Bar Date Order is available at www.npginfo.com.

1. **Scheduled Claims**

The Debtors filed their Schedules of Assets and Liabilities (the "Schedules") with the Bankruptcy Court on February 12, 2010, and filed amendments to certain of the Schedules on February 22, 2010. The Schedules may be amended from time to time. The Schedules and any amendments thereto may be inspected at the office of the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, viewed on the Bankruptcy Court's website at ecf.deb.uscourts.gov, through an account obtained from PACER Service Center at

1-800-676-6856, and viewed on the website of the Debtors' claims agent, AlixPartners, LLP ("Claims Agent"), located at www.npginfo.com. If your claim is listed in the Schedules and is not listed as disputed, contingent or unliquidated, your claim will be allowed against the identified Debtor in the amount scheduled unless you have agreed otherwise, your claim has been paid, you file a proof of claim, or you are sent further notice about the claim. If a liability based upon the same facts and circumstances is listed on the Schedules for more than one Debtor (i.e., duplicate listings), you will be allowed only one recovery on your claim.

Except as otherwise set forth in the Bar Date Order, if you assert a claim against any of the Debtors, you must file a proof of claim if:

(a) your claim has not been listed by any of the Debtors in their respective Schedules;

(b) you disagree with the amount of the claim scheduled by any of the Debtors in their respective Schedules or the identity of the Debtor against which you have a claim;

(c) any of the Debtors have scheduled your claim as disputed, contingent or unliquidated;

(d) you believe your claim to be a secured claim, and any of the Debtors have not so scheduled your claim; or

(e) you believe your claim to be entitled to priority under the Bankruptcy Code, and any of the Debtors have not so scheduled your claim.

If you fail to timely file a proof of claim, and your claim is not scheduled, is scheduled for $0.00, or is scheduled as disputed, unknown, undetermined, contingent or unliquidated in the Schedules, your claim will be disallowed and you will not receive any distribution under the prepackaged Joint Chapter 11 Plan of Reorganization for Natural Products Group, LLC and Its Affiliated Debtors [Docket No. 12] (the "Plan"), which has been confirmed in these cases as set forth below.

2. **Special Claims to Which Bar Dates May Not Apply**

For claims arising from the rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code, the last day to file a proof of claim is the later of either (i) the applicable Bar Date or (ii) the first business day that is at least twenty-one (21) calendar days after the mailing of (a) a notice of an order approving the rejection of an executory contract or unexpired lease or (b) notice of rejection of an executory contract or unexpired lease in accordance with any procedural order entered by the Court.

For claims arising from recovery by the Debtor(s) of estate property transferred to you by the Debtor(s) prior to the Petition Date as a voidable transfer, the last day to file a proof of claim is the later of (i) the applicable Bar Date or (ii) the first business day that is at least twenty-one (21) calendar days after the mailing of the notice of entry of any order approving the avoidance of the transfer.

For claims arising from the assessment of certain taxes as described in section 507(a)(8) and permitted by section 502(i) of the Bankruptcy Code, the last day to file a proof of claim is the later of (i) the applicable Bar Date or (ii) the first business day that is at least twenty-one (21) calendar days after the date the relevant tax claim arises.

Neither the Bar Dates nor any other deadline set forth in the Bar Date Order apply to requests for payment of administrative expenses arising in the Debtors' cases under sections 503, 507(a)(2), 507(b), 330(a), 331 or 364 of the Bankruptcy Code. Notwithstanding anything set forth in this paragraph, Fee Claims and Administrative Claims must comply with deadlines specifically applicable to them, pursuant to the Plan and as set forth below.

**The following persons and entities need not file a proof of claim by the applicable Bar Date:**

(a) any person or entity that has already properly filed, with the Clerk of the Bankruptcy Court, a proof of claim against the Debtors using a claim form which substantially conforms to Official Form No. 10;

(b) any person or entity whose claim has been allowed by, or paid pursuant to, an order of the Bankruptcy Court entered on or before the applicable Bar Date;

(c) any directors, officers or employees of the Debtors as of the Petition Date that have or may have contingent or unliquidated claims against the Debtors for indemnification, contribution, or subrogation, or for reimbursement related to the foregoing; provided, however, that any director, officer or employee of the Debtors as of the Petition Date asserting any non-contingent or liquidated claims against the Debtors for indemnification, contribution, or subrogation, or for reimbursement related to the foregoing shall be required to file a proof of claim

2

against the Debtors' estates on or before the applicable Bar Date; provided further, however, that any director, officer or employee of the Debtors as of the Petition Date that resigns or otherwise leaves the employ of the Debtors following the Petition Date must file a proof of claim by the later of (a) the applicable Bar Date or (b) twenty-one (21) days following such resignation or termination of employment if such director, officer or employee of the Debtors asserts a contingent or unliquidated claim against the Debtors for indemnification, contribution, or subrogation, or for reimbursement related to the foregoing;

(d) any employees of the Debtors as of the Petition Date that have or may have claims against the Debtors for obligations authorized to be paid pursuant to that certain order entered January 28, 2010 [Docket No. 34] granting Debtors' Motion for Authority to Pay Prepetition Wages, Compensation and Employee Benefits, filed January 27, 2010 [Docket No. 4] (the "Employee Motion"), including accrued but unpaid wages and salary on account of services rendered prepetition, accrued and unused vacation (for terminated employees upon separation only), Car Allowances and Reimbursable Expenses, Employee Benefits, obligations owed under the Employee Purchase Plan and Educational Assistance program, Matching Obligations and Unemployment Obligations, and other miscellaneous employee expenses and benefits as described in the Employee Motion; provided, however, that (i) former employees for which the Debtors have terminated the employment of such employees prior to the Petition Date and that assert any claims against the Debtors and (ii) current employees that assert claims against the Debtors other than for the Debtors' obligations authorized to be paid pursuant to the Employee Motion shall be required to file a proof of claim against the Debtors' estates on or before the applicable Bar Date; capitalized terms used in this subsection (d) and not otherwise defined herein shall have the meanings ascribed to them in the Employee Motion, which, along with the order, is available to view on the Claims Agent's website at www.npginfo.com;

(e) any active or inactive Arbonne Independent Consultants as of the Petition Date (does not include independent consultants for which the Debtors have terminated the independent consultant contract prior to the Petition Date) that have or may have claims against the Debtors for obligations authorized to be paid pursuant to that certain order entered January 28, 2010 [Docket No. 35] granting Debtors' Motion to Preserve the Arbonne Independent Consultants Network and, in Connection Therewith, Authorizing the Debtors to (A) Pay Certain Prepetition Claims; (B) Honor and Maintain Incentive Discounts and Other Rewards; and (C) Maintain Related Programs in the Ordinary Course, filed January 27, 2010 [Docket No. 5] (the "AIC Motion"), including accrued but unpaid AIC Payments on account of services rendered (i.e. goods sold) prepetition, obligations owed in connection with returns, Guarantees, Virtual Vouchers (and other Incentives) and accumulated ASAP Points, and other miscellaneous Arbonne Independent Consultant related expenses and benefits as described in the AIC Motion; provided, however, that (i) former Arbonne Independent Consultants for which the Debtors have terminated the independent consultant contract prior to the Petition Date and that assert any claims against the Debtors and (ii) active or inactive Arbonne Independent Consultants that assert claims against the Debtors other than for the Debtors' obligations authorized to be paid pursuant to the AIC Motion shall be required to file a proof of claim against the Debtors' estates on or before the applicable Bar Date; capitalized terms used in this subsection (e) and not otherwise defined herein shall have the meanings ascribed to them in the AIC Motion, which, along with the order, is available to view on the Claims Agent's website at www.npginfo.com;

(f) the Prepetition Lenders with respect to claims arising under the Prepetition Credit Facilities;

(g) a Debtor having a claim against another Debtor;

(h) any direct or indirect non-debtor subsidiary of a Debtor having a claim against a Debtor;

(i) any professional whose retention in these chapter 11 cases has been approved by the Bankruptcy Court to the extent they are asserting a Fee Claim; provided, however, that such professional must comply with the Fee Claim Bar Date (defined below); and

(j) any person or entity whose claim is listed in the Debtors' Schedules and (i) the claim is not described as contingent, unliquidated or disputed; (ii) the claimant agrees with the amount, nature, and priority of the claim set forth in the Schedules; and (iii) the claimant agrees that the claim is an obligation of the specific Debtor which has listed the claim in its Schedules.

3. **Equity Interest Holders**

Pursuant to Bankruptcy Rule 3003(b)(2), it is not necessary for an equity security holder to file a proof of interest based solely upon such interest; provided, however, that if an equity holder asserts any rights as a creditor holding a claim against any of the Debtors, including any claim arising out of or relating to the ownership, sale,

3

issuance or purchase of an equity interest in any of the Debtors, a proof of claim is required to be filed on or before the applicable Bar Date.

### 4. PROOF OF CLAIM FORM

Proof of claim forms are available at www.npginfo.com or by contacting the Debtors' Claims Agent at the following: Natural Products Group, LLC, c/o AlixPartners, LLP, 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201 or (877) 788-2814. Note that you may file your proof of claim electronically by going to www.npginfo.com (and clicking "File a Claim").

### 5. FILING PROOFS OF CLAIM AGAINST MULTIPLE DEBTORS; REQUIREMENT TO IDENTIFY DEBTOR

You must indicate the Debtor(s) against which you assert your claim. If you assert the same claim against more than one Debtor, you must file a separate proof of claim against each Debtor(s) against which such claim is asserted. Additionally, if you assert different claims, based upon different facts and circumstances, against the same or different Debtors, you must also complete separate proofs of claim. If more than one Debtor is named on a single proof of claim, the claim will be limited to the first listed Debtor. If a proof of claim is filed under the lead joint-administration case—Natural Products Group, LLC, Case No. 10-10239 (BLS)—or no specific Debtor is indicated, the proof of claim will be deemed as filed only against NPG.

### 6. CONSEQUENCES FOR FAILURE TO TIMELY FILE PROOF OF CLAIM

Failure to timely or properly file a proof of claim in accordance with the Bar Date Order shall constitute grounds for disallowance of such claim and render the creditor ineligible to receive any distributions under the Plan.

### 7. WHEN AND WHERE TO FILE

EXCEPT AS OTHERWISE PROVIDED IN THE BAR DATE ORDER, PROOFS OF CLAIM MUST BE FILED SO THAT THEY ARE **ACTUALLY RECEIVED** BY THE CLAIMS AGENT APPOINTED BY THE BANKRUPTCY COURT, ALIXPARTNERS, LLP, ON OR BEFORE THE APPLICABLE BAR DATE, APRIL 29, 2010, AT 4:00 P.M. PREVAILING EASTERN TIME FOR ALL PERSONS WHO ARE NOT "GOVERMENTAL UNITS" (AS DEFINED IN SECTION 101(27) OF THE BANKRUPTCY CODE), AND BY JULY 26, 2010, AT 4:00 P.M. PREVAILING EASTERN TIME FOR ALL GOVERMENTAL UNITS. PROOFS OF CLAIM MAY BE FILED (I) THROUGH THE ELECTRONIC CLAIM SYSTEM LOCATED AT www.npginfo.com (BY CLICKING "FILE A CLAIM"), OR (II) BY MAILING OR DELIVERING THE PROOF OF CLAIM TO THE FOLLOWING ADDRESS:

> Natural Products Group, LLC
> c/o AlixPartners, LLP
> 2101 Cedar Springs Road, Suite 1100
> Dallas, Texas 75201

Proofs of claim may **not** be delivered by facsimile, telecopy or electronic mail. You are encouraged to use the Electronic Claim System located at www.npginfo.com (click "File a Claim"). Proofs of claim must be submitted in the English language and, pursuant to section 502(b) of the Bankruptcy Code, amounts due shall be stated in lawful currency of the United States as of the Petition Date. You should attach to your completed proof of claim form copies of any writings upon which your claim is based. Do not submit your proof of claim with, or send copies of proofs of claim to, the Debtors. Pursuant to the Bar Date Order, proofs of claim not filed with (i.e., actually received by) the Claims Agent by the applicable deadline shall be deemed not to be properly or timely filed. If you are submitting your proof of claim other than through the Electronic Claim System and wish to receive an acknowledgment that your proof of claim has been received by the Claims Agent, you must provide with your original proof of claim one additional copy and a postage-paid, self-addressed envelope.

ANY PROOF OF CLAIM PREVIOUSLY FILED WITH THE CLERK OF THE BANKRUPTCY COURT PRIOR TO THE MAILING OF THIS NOTICE THAT SUBSTANTIALLY CONFORMS TO OFFICIAL FORM NO. 10 SHALL BE DEEMED TO BE AND SHALL BE TREATED AS A PROPERLY FILED CLAIM SUBJECT TO THE RIGHT OF THE DEBTORS OR ANY PARTY IN INTEREST TO OBJECT TO THE ALLOWANCE THEREOF. NO ADDITIONAL PROOF OF CLAIM IS REQUIRED. If you have not filed your proof of claim yet, please file it with the Claims Agent only; please do not file your proof of claim with the Bankruptcy Court or attempt to do so by sending it to the Debtors' counsel.

This notice is only a summary of the Bar Date Order. All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors. The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim.

---

(II)
## (A) CONFIRMATION OF PREPACKAGED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR NATURAL PRODUCTS GROUP, LLC AND ITS AFFILIATED DEBTORS; AND (B) OCCURRENCE OF EFFECTIVE DATE

### 1. CONFIRMATION OF PLAN

On February 22, 2010 (the "Confirmation Date"), the Honorable Brendan L. Shannon, United States Bankruptcy Judge, entered an order [Docket No. 107] (the "Confirmation Order") confirming the Plan. The Confirmation Order and the Plan contain provisions that may affect your rights. Any party in interest wishing to obtain a copy of the Confirmation Order, the Plan, or other pleadings filed by the Debtors in their chapter 11 cases may obtain them online through the Claims Agent's website located at www.npginfo.com or may request such copies at the Debtors' expense by contacting AlixPartners, LLP, 2101 Cedar Springs Road, Suite 1100, Dallas, Texas 75201, (877) 788-2814. Any party in interest wishing to review the Confirmation Order or the Plan may also (a) review such documents during regular business hours (9:00 a.m. to 4:30 p.m. Eastern time weekdays, except legal holidays) at the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 or (b) arrange to review such documents at the offices of the Debtors' counsel (at the addresses set forth below). You are encouraged to review the Confirmation Order and the Plan in their entirety and consult with your own legal advisors.

### 2. OCCURRENCE OF EFFECTIVE DATE

On or prior to March 5, 2010, all conditions precedent to the Effective Date of the Plan had been satisfied or waived pursuant to Article XI of the Plan, and on March 5, 2010, the Effective Date of the Plan occurred. This notice constitutes notice of the Effective Date for purposes of the Plan and the Confirmation Order.

All injunctions and releases provided for under the Plan and Confirmation Order are now in full force and effect.

### 3. DEADLINE FOR FILING FEE CLAIMS

Each Professional Person who holds or asserts a Fee Claim shall be required to file with the Bankruptcy Court, and serve on all parties required to receive notice, a Fee Application by April 14, 2010, at 4:00 p.m. (Prevailing Eastern Time) (the "Fee Claim Bar Date"). **The failure to timely file and serve such Fee Application shall result in the Fee Claim being forever barred and discharged.**

### 4. DEADLINE FOR FILING OTHER ADMINISTRATIVE CLAIMS

The holder of an Administrative Claim, other than (i) a DIP Claim, (ii) a Fee Claim, (iii) a liability incurred and payable in the ordinary course of business by a Debtor (and not past due), or (iv) an Administrative Claim that has been Allowed on or before the Effective Date, must file with the Bankruptcy Court and serve on the Debtors, the Creditors' Committee (if any) and the Office of the United States Trustee, notice of such Administrative Claim by April 9, 2010, at 4:00 p.m. (Prevailing Eastern Time) (the "Administrative Claim Bar Date"). Such notice must include at a minimum (i) the name of the Debtor(s) purported to be liable for the Administrative Claim, (ii) the name of the holder of the Administrative Claim, (iii) the amount of the Administrative Claim, and (iv) the basis of the Administrative Claim. **Failure to file and serve such notice timely and properly shall result in the Administrative Claim being forever barred and discharged.**

5

Dated: March 5, 2010
Wilmington, Delaware

| WHITE & CASE LLP | FOX ROTHSCHILD LLP |
| --- | --- |
| Thomas E Lauria | Jeffrey M. Schlerf (No. 3047) |
| Craig H. Averch | Eric M. Sutty (No. 4007) |
| Matthew C. Brown | John H. Strock (No. 4965) |
| Wachovia Financial Center | Citizens Bank Center, Suite 1600 |
| 200 South Biscayne Boulevard, 49th Floor | 919 North Market Street |
| Miami, Florida 33131 | Wilmington, Delaware 19801 |

ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION

| DEBTOR NAME | ADDRESS | CASE NO. | LAST FOUR DIGITS OF EIN |
| --- | --- | --- | --- |
| Natural Products Group, LLC | 1209 Orange Street Wilmington, Delaware 19801 | 10-10239 (BLS) | 9470 |
| Arbonne Intermediate Holdco, Inc. | 280 Park Avenue New York, New York 10017 | 10-10240 (BLS) | 5363 |
| Levlad Intermediate Holdco, Inc. | Corporation Trust Center 1209 Orange Street Wilmington, Delaware 19801 | 10-10241 (BLS) | 5367 |
| Arbonne International, LLC | 9400 Jeronimo Road Irvine, California 92618 | 10-10242 (BLS) | 2250 |
| Levlad, LLC | 9200 Mason Avenue Chatsworth, California 91311 | 10-10243 (BLS) | 3496 |
| Arbonne Institute of Research and Development, LLC | 2711 Centerville Road Suite 400 Wilmington, Delaware 19808 | 10-10244 (BLS) | 2250 |
| Arbonne International Holdings, Inc. | 2711 Centerville Road Suite 400 Wilmington, Delaware 19808 | 10-10245 (BLS) | 5671 |
| Arbonne International Distribution, Inc. | 2711 Centerville Road Suite 400 Wilmington, Delaware 19808 | 10-10246 (BLS) | 5608 |