## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| NATURAL PRODUCTS GROUP, LLC, et al.,[1] | Case No. 10-10239 (BLS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: April 6, 2010 at 4:00 p.m.** |
| | **Hearing Date: April 13, 2010 at 1:30 p.m.** |

### MOTION FOR FINAL DECREE PURSUANT TO SECTION 350 OF THE BANKRUPTCY CODE, RULE 3022 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND RULE 5009-1 OF THE LOCAL RULES OF BANKRUPTCY PRACTICE AND PROCEDURE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

Natural Products Group, LLC ("NPG"), as reorganized in its role as disbursing agent (the "Disbursing Agent"), files this motion (the "Motion") pursuant to 11 U.S.C. § 350, Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5009-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and requests that the chapter 11 cases of the Fully-Administered Entities (as defined below) be closed pursuant to a final decree (the "Final Decree," a form of which is attached hereto as Exhibit "A"). In support of the Motion, the Disbursing Agent respectfully represents as follows:

### Background

1. <u>The Cases.</u> On January 27, 2010 (the "Petition Date"), NPG and seven of its direct and indirect subsidiaries (collectively, the "Debtors") each filed a voluntary petition for

---

[1] The debtors and debtors in possession in these cases, along with the last four digits of their respective federal tax identification numbers, are Natural Products Group, LLC (9470); Arbonne Intermediate Holdco, Inc. (5363); Levlad Intermediate Holdco, Inc. (5367); Arbonne International, LLC (2250); Levlad, LLC (3496); Arbonne Institute of Research and Development, LLC (2250); Arbonne International Holdings, Inc. (5671); and Arbonne International Distribution, Inc. (5608).

relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

2. The Cases Are Jointly Administered. On January 28, 2010, this Court entered an order approving the joint administration of the Debtors' chapter 11 cases [Docket No. 31].

3. No Creditors' Committee, Trustee or Examiner. No creditors' committee has been appointed in these cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No trustee or examiner has been requested or appointed in any of the Debtors' chapter 11 cases.

4. The Plan of Reorganization and Disclosure Statement. On January 27, 2010, the Debtors filed their prepackaged Joint Chapter 11 Plan of Reorganization for Natural Products Group, LLC and Its Affiliated Debtors (the "Plan") [Docket No. 12] and disclosure statement in support thereof (the "Disclosure Statement") [Docket No. 13]. On February 22, 2010, the Court entered its order confirming the Plan (the "Confirmation Order") [Docket No. 107].

5. The Effective Date. The effective date of the Plan was March 5, 2010 (the "Effective Date").

6. The Debtors. As set forth above, on the Petition Date, the Debtors comprised eight (8) separate and distinct entities. The Debtors determined that the company's debt exceeded the amount that the company could reasonably support, and that the debt needed to be restructured. After considering their options, the Debtors in consultation with their key stakeholders formulated a restructuring proposal (the "Restructuring") that provided the economic efficiencies necessary to maximize value. Thus, on the Effective Date, as more fully described in the Disclosure Statement, the Plan generally provides for the satisfaction of the

2

OpCo Debt[2] and the HoldCo Debt (as further described below), and the payment in full of all other undisputed claims against the Debtors. Further, pursuant to the Plan and the Confirmation Order, all of the Debtors were deemed consolidated for purposes of Claim treatment and Plan Distributions.

7. OpCo Lender Claims. Pursuant to the Plan and Confirmation Order, each holder of an Allowed OpCo Lender Claim against any of the Debtors was entitled to receive, on the Effective Date, its Pro Rata Share of (a) the Reinstated OpCo Term Loan, and (b) 85% of the New NPG Common Stock issued under the Plan on the Effective Date, subject to dilution for (i) New NPG Common Stock issuable upon the exercise of the New NPG Warrants, (ii) New NPG Common Stock issuable upon the exercise of any New NPG Options that may be issued under the Long Term Management Incentive Plan (up to an additional 7.5% of the New NPG Common Stock, on a fully diluted basis), and (iii) any additional New NPG Common Stock that may be awarded in accordance with the Long Term Management Incentive Plan. On the Effective Date, in full satisfaction of the Allowed OpCo Lender Claims, the Disbursing Agent issued to the OpCo Lenders the applicable shares of New NPG Common Stock.

8. HoldCo Lender Claims. Pursuant to the Plan and Confirmation Order, each holder of an Allowed HoldCo Lender Claim against any of the Debtors was entitled to receive, on the Effective Date, its Pro Rata Share of the New NPG Warrants. On the Effective Date, in full satisfaction of the Allowed HoldCo Lender Claims, the Disbursing Agent issued to the Prepetition Lenders the applicable shares of New NPG Warrants.

9. The Disbursing Agent. Pursuant to the Plan and Confirmation Order, the Disbursing Agent is authorized to, among other things, take all steps and execute all instruments and documents necessary to make Plan Distributions to holders of Allowed Claims, prosecute

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement and Plan.

3

objections to Claims, and compromise and settle any issue or dispute regarding the amount, validity, priority, treatment, or Allowance of any Claim. See Plan § 12.1. Pursuant to the terms of the Plan and Confirmation Order, the Debtors comprise a single Estate for the purpose of making Plan Distributions in respect of Claims against and Equity Interests in the Debtors. See Plan §§ 2.1. Further, any holder of a Claim against a Debtor and a Claim based on a guaranty of such base Claim given by a Debtor is entitled to receive only a single recovery in respect of such Claims without regard to which Debtor entity the original Claim was filed against. See Plan § 2.2.

10.     Claims Reconciliation. The Disbursing Agent, with the assistance of the Claims Agent, have undertaken an exhaustive review of all scheduled Claims. Furthermore, since the commencement of the chapter 11 cases and continuing forward through the bar date for filing proofs of Claim against the Estates, as approved by the Bar Date Order, the Claims Agent has and will methodically record each filed proof of claim and provide the Disbursing Agent with copies of each such Claim, together with all supporting documentation included therewith. The Disbursing Agent, with the assistance of the Claims Agent and other professionals, will continue to review each such Claim and compare it to the Debtors' Books and Records in order to determine which Claims should be allowed, expunged or appropriately reclassified and/or reduced. As the Debtors were authorized by the Court to pay vendors in the ordinary course of business, the Disbursing Agent expects relatively few proofs of claim to be filed in these cases.

11.     The Statutory Fees. In accordance with Section 15.2 of the Plan, all fees payable pursuant to section 1930 of title 28 of the United States Code (the "U.S. Trustee Fees"), as determined by the Court at the Confirmation Hearing, were paid by the Debtors on or before the Effective Date. U.S. Trustee Fees that accrue after the Effective Date continue to be paid to

4

the U.S. Trustee and the Disbursing Agent will continue to work with the U.S. Trustee to ensure that all remaining U.S. Trustee Fees are paid in a timely and appropriate manner.

12.     Substantial Consummation.  As a result of all necessary distributions having been made on account of the Allowed OpCo Lender Claims and the Allowed HoldCo Lender Claims; all necessary consents, authorizations and approvals having been given for the transfers of property and the payments provided for or contemplated by the Plan; the Exit Facility having become effective; the New NPG Common Stock and New NPG Warrants to be issued under the Plan having been duly authorized and validly issued and outstanding; and all other conditions precedent to the occurrence of the Effective Date having been satisfied, the Plan has been substantially consummated.  Further, as the Debtors comprise a single Estate for the purpose of making Plan Distributions in respect of Claims against the Debtors, all of which is being addressed by the Disbursing Agent, the Debtors' cases (other than NPG) have been fully administered, are inactive, and should be closed.

## Jurisdiction

13.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

14.     By this Motion, the Disbursing Agent seeks entry of a final decree that closes each of the chapter 11 cases of the Debtors listed on Exhibit "1" to Exhibit "A" (the "Fully-Administered Entities"),[3] effective as of the date on which the Court enters such final decree.  The main chapter 11 case of NPG, in its role as Disbursing Agent, will remain open.

---

[3]     For ease of reference, the Fully-Administered Entities are Arbonne Intermediate Holdco, Inc., Levlad Intermediate Holdco, Inc., Arbonne International, LLC, Levlad, LLC, Arbonne Institute of Research and Development, LLC, Arbonne International Holdings, Inc., and Arbonne International Distribution, Inc.

5

## Basis for Relief

15.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, pursuant to which section 350 is implemented, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

16.     The Bankruptcy Code fails to define "fully administered." However, courts have looked to the following factors in deciding whether a final decree shall be issued:

- Whether the order confirming the plan has become final;
- Whether deposits required by the plan have been distributed;
- Whether the property proposed by the plan to be transferred has been transferred;
- Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
- Whether payments under the plan have commenced; and
- Whether all motions, contested matters, and adversary proceedings have been finally resolved.

1991 Advisory Comm. Note to Fed. R. Bankr. P. 3022 (the "Advisory Committee Note").

17.     Although courts should apply and weigh the factors set forth by the Advisory Committee Note, no one factor is dispositive. See In re Kliegel Bros., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999); In re JMP-Newcor Int'l, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998). Rather, the six factors act as mere guidelines to aid a court in its determination. See In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990); see also Walnut Assoc. v. H. Saidel, 164 B.R. 487, 493 (E.D. Pa. 1994) (not all factors set forth in the Advisory Committee Note need

6

to be present to establish that a case is fully administered for final decree purposes); In re Ginko Assoc., L.P., No. 05-19436bf, 2009 WL 2916917, at *2 (Bankr. E.D. Pa. June 25, 2009) (same); In re SLI, Inc., No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (same). Such a fluid formula has produced widely varying results. "At one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the estate dissolves . . . [a]t the other extreme, an estate could be fully administered when all that is called for under a plan occurs." Mold Makers, 124 B.R. at 768.

18.     In this case, it is clear that a final decree, as requested herein, is appropriate in the case of each of the Fully-Administered Entities. As set forth above, the Confirmation Order is final and non-appealable. Since entry of the Confirmation Order and the occurrence of the Effective Date, the Plan has been substantially consummated and distributions to be made by the Disbursing Agent under the Plan are largely completed. Indeed, the only distributions that remain to be made on behalf of any Debtor relate to any disputed Secured Claim, Convenience Clam, Priority Claim or Administrative Claim, or other Administrative Claims for which payment is not yet due. As the Debtors comprise a single Estate for the purpose of making Plan Distributions in respect of all Claims against the Debtors, the resolution and satisfaction (if necessary) of any disputed Claims will be carried out by the Disbursing Agent, NPG, which will be excluded from the Final Decree. There are no pending motions, contested matters, or adversary proceedings involving the Fully-Administered Entities.

19.     Finally, all outstanding U.S. Trustee Fees relating to the Debtors have been or will be paid promptly (as required under the Plan).

20.     For all of the reasons set forth above, the Disbursing Agent submits that entry of a final decree closing the chapter 11 cases of the Fully-Administered Entities pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1 is

7

necessary and appropriate under the circumstances. Absent an order closing the Fully-Administered Entities' chapter 11 cases, the Debtors will be forced to incur the substantial and ongoing financial burden of paying the U.S. Trustee Fees for each of the cases. Entry of the final decree requested herein will avoid the considerable administrative cost and expense associated with maintaining the chapter 11 cases of the Fully-Administered Entities.

21. This Court has entered final decrees in other cases under similar circumstances. See, e.g., In re WCI Communities, Inc., Case No. 08-11643 (KJC) (Bankr. D. Del. Dec. 16, 2009) (closing the chapter 11 cases of 126 administratively consolidated debtor entities).

## Request for Waiver of Final Report

22. Pursuant to Local Rule 5009-1(c), a debtor seeking to close a case must file a final report and account prior to the hearing on the motion to close the case. As (a) these cases have been jointly administered under the main case of NPG, (b) all remaining disbursements, if any, in these cases will be made by the Disbursing Agent, and (c) the case of NPG, as the Disbursing Agent, will remain open, the Disbursing Agent requests that the requirement of Local Rule 5009-1(c) be waived with respect to the closing of the cases of the Fully-Administered Entities.

## Notice

23. In accordance with Local Rule 5009-1(b), the Disbursing Agent will serve notice of the Motion upon the U.S. Trustee, counsel to the agents for the Prepetition Lenders, the Debtors' 30 largest unsecured creditors on a consolidated basis (including counsel if known), and all parties requesting notice pursuant to Bankruptcy Rule 2002 and Local Rule 9013. The Disbursing Agent submits that no other or further notice is necessary.

8

24.     Except as otherwise provided herein, no previous request for the relief

sought herein has been made to this or any other Court.

WHEREFORE, the Disbursing Agent respectfully requests that this Court enter a

final decree closing the Fully-Administered Entities, and grant such other and further relief as is

just and proper.

Dated: March 26, 2010
       Wilmington, Delaware

FOX ROTHSCHILD LLP

By:

Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
John H. Strock (No. 4965)
Citizens Bank Center, Suite 1600
919 North Market Street
Wilmington, Delaware 19801
Telephone: (302) 654-7444

-and-

Thomas E Lauria
Craig H. Averch
Matthew C. Brown
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Attorneys to the Disbursing Agent

9